344 So.2d 1159 (1977)
Sara Jackson, wife of and James R. SUTTERFIELD, et al.
v.
FIREMAN'S FUND AMERICAN INSURANCE COMPANY et al.
No. 7953.
Court of Appeal of Louisiana, Fourth Circuit.
April 13, 1977.
*1160 Sutterfield & Vickery (James R. Sutterfield), New Orleans, for plaintiffs-appellees.
Beard, Blue, Schmitt & Mathes (Robert M. Johnston), New Orleans, for defendant-appellant.
Before SAMUEL, REDMANN and LEMMON, JJ.
LEMMON, Judge.
This suit by James Sutterfield seeks recovery against his liability insurer under uninsured motorist coverage for injuries sustained by him, his wife and his children in an automobile accident. The insurer appealed after an adverse judgment following a trial on the merits.
On appeal the insurer reasserts its exception of res judicata on the basis that Sutterfield divided an "obligation due him" in violation of C.C.P. art. 425 by proceeding to judgment in an earlier separate suit for collision damage and accordingly lost his right to enforce the remaining portion of the insurer's obligation. The insurer alternatively contends that some of the awards were excessive.

Division of Obligation
When the insurer paid only part of Sutterfield's claim for property damage, he filed a suit in city court to enforce the insurer's obligation under the collision coverage. The following week Sutterfield filed this suit in district court to enforce the insurer's obligation under the uninsured motorist coverage. The insurer did not file an exception of lis pendens or raise any other objection to the multiple suits, but simply filed answers in both suits.
When the city court suit came on for trial, the parties agreed to compromise the claim under the collision coverage. Sutterfield requested preparation of a compromise agreement and restricted release, but the insurer's attorney suggested that the compromise take the form of a consent judgment, later admitting in testimony in this case that he wanted to have a judgment of record in the property damage suit as a basis for pleading res judicata to his client's insured's major claim.
Three days after the consent judgment was filed, the insurer filed in this case an exception of res judicata and a motion for a summary judgment, contending that Sutterfield *1161 had divided an obligation due him and under C.C.P. art. 425 had forfeited his right to enforce the remaining portion of the obligation. The trial court referred the exception to the merits and ultimately rendered the judgment now under review.[1] We affirm, holding that the codal article and concepts of res judicata do not apply under the facts of this case for several reasons.
C.C.P. art. 425 provides:
"An obligee cannot divide an obligation due him for the purpose of bringing separate actions on different portions thereof. If he brings an action to enforce only a portion of the obligation, and does not amend his pleading to demand the enforcement of the full obligation, he shall lose his right to enforce the remaining portion."
Article 425 is a corollary to the doctrines of res judicata and estopped by judgment. The public policy purpose of all these doctrines is to avoid a multiplicity of suits and to prevent harassment, delay and unnecessary expense to a defendant caused by multiple suits. Article 425 was obviously intended to apply only after judgment in one of the "action(s) to enforce only a portion of the obligation", since the article applies when the obligee "does not amend his pleading to demand the enforcement of the full obligation", a step the obligee can take at any time prior to judgment in any of the actions.
Any harassment, vexation, delay or unnecessary expense to defendant became apparent as soon as the second suit was filed. Our situation is thus distinguished from one in which an obligee files a second action after judgment in a first action on a portion of an obligation [as occurred in Lisenbey v. Farm Bureau Mut. Ins. Co. of Ark., 245 Ark. 144, 431 S.W.2d 484 (1968), whose rationale our defendant relies upon].
When Sutterfield filed his second action, the defendant could have complained at that time of harassment, vexation, delay and undue expense (by pleading an exception of lis pendens or some other objection to two actions for enforcement of different portions of an allegedly single obligation). Then, some section of the judicial system could have protected defendant and prevented duplicative judicial effort by issuing a protective order if the objection was meritorious. Instead, this defendant withheld objections in hope of beating its own insured out of recovery of a substantial sum which was undoubtedly due under the policy.[2] If we allowed the law to operate technically for such a purpose, we would indeed depart from all notions of justice and fair play.
Finally, defendant's success in any defense based on Article 425 depends ultimately upon applicability to the city court judgment of res judicata and/or estoppel by judgment. C.C. art. 2286, providing the Louisiana requirements for res judicata, does not apply by its terms, because (even if the thing demanded is founded on the same cause of action) the thing demanded in the two suits is not the same. For res judicata to apply in Louisiana, there must be identity of parties, of causes of action and of demands.
When the triple identities are not present, however, estoppel by judgment may still bar relitigation of an issue or an action which was settled by prior litigation.
*1162 See California Co. v. Price, 234 La. 338, 99 So.2d 743 (1957).[3]
In the present case, even if we consider the compromise of the city court suit (by payment of the full amount claimed plus court costs) to be a judicial determination of defendant's obligation "to pay for loss caused by collision", separate and vastly different issues, involving other facts and elements of proof, must be litigated in order to determine defendant's obligation under its uninsured motorist coverage.
The insurer undertook several obligations by entering into the insurance contract. Pertinent to this case the insurer undertook (1) in Part III, Coverage ECollision, "(t)o pay for loss caused by collision to the owned automobile . . . for the amount of each such loss in excess of the deductible amount stated in the declarations", and (2) in Part IV, Coverage GUninsured Motorists, "(t)o pay all sums which the insured. . . shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile because of bodily injury . . . sustained by the insured, caused by accident and arising out of the ownership, maintenance or use of such uninsured automobile".
Thus, the accident not only gave rise to a tort "obligation due him" (Sutterfield) by the uninsured motorist to repair damages, but also gave rise to two contractual obligations due him by his own insurer. In an action on the first "obligation due him", it was necessary for Sutterfield to prove a loss caused by collision and the amount of the loss. In an action on the second "obligation due him", it was necessary for him to prove legal entitlement to damages from an uninsured motorist because of bodily injury and the amount of damages.
While the city court action may be said to have settled the issues of whether there was a loss by collision and what was the amount of that loss, that judgment cannot reasonably be said to have settled the issues pertinent to recovery under uninsured motorist coverage. In view of all of the foregoing considerations, we decline to hold that Sutterfield's filing of the city court action to enforce the collision obligation and agreeing to compromise that claim in the form of a consent judgment precludes his right to enforce the uninsured motorist obligation under any theory of division of obligation, res judicata or estoppel by judgment.[4]

Damages
Defendant questions, as excessive, the awards to Sutterfield and his two children. Sutterfield has answered the appeal, seeking an increase in his award.
The children sustained bumps on the head, described as "goose eggs", were examined in the hospital emergency room and then released. They underwent no further treatment.
We cannot say that an award of $250.00 each for the minor injuries, which obviously caused some pain and anxiety, was an abuse of the trial court's discretion.
Sutterfield sustained sprains of the cervical and lumbar spine in the September 14, 1974 accident. He consulted Dr. Raymond Kitziger, an orthopedic surgeon who had previously treated him for a lumbar disc problem which required surgery in 1972. Significantly, Sutterfield had no further *1163 back problems from the time of post-operative discharge until the accident.
Dr. Kitziger treated Sutterfield conservatively, examining him periodically through February, 1975. Sutterfield returned in May, 1975, complaining of neck and back problems. Thereafter, he had no further neck complaints, but did continue to experience intermittent back pain after periods of standing or sitting in one position.
Noting increased narrowing of the disc spaces between the date of the accident and the date of his last examination 14 months later, Dr. Kitziger admitted that the narrowing could happen with the passage of time, but opined that "the trauma must interplay some in here".
Sutterfield missed no substantial amount of time from his law practice because of the accident.
On this record an award of $7,500.00 in general damages is not so inadequate or so excessive as to constitute an abuse of the much discretion vested in the trial judge by C.C. art. 1934(3).
The judgment is affirmed.
AFFIRMED.
SAMUEL, Judge, concurring.
I must disagree with the majority's apparent acceptance of an unlimited use of the doctrine of estoppel by judgment. The statement contained in my concurring opinion in Brown v. Globe Tool & Engineering Co., La.App., 337 So.2d 894, 899, fully applies here:
"Insofar as the exception is based on the doctrine of estoppel by judgment, for the reasons expressed in Bordelon v. Landry, La.App., 278 So.2d 173, I am of the opinion that doctrine should not judicially be made applicable in this state beyond its presently existing exceptions; and this case is not one of those exceptions."
However, as the exception of res judicata clearly must be overruled because the requirements of that doctrine (C.C. Art. 2286) are not met, and as I agree with the decree of the majority,
I respectfully concur.
NOTES
[1] In rejecting the res judicata exception, the trial court observed:

"The Court concludes that the coverages provided by the policy are severable, since the benefits provided under each type of coverage are distinct, the factual considerations under which the benefits are due are different, and separate premiums are charged for each coverage."
[2] In this regard it should be noted that the insurer not only refused to pay part of the collision claim (which it later paid in full after being forced to a quick trial in small claims court), but also refused to pay any reasonable amount undoubtedly due to its own insured under the uninsured motorist coverage. Such arbitrary and unreasonable failure has been held to give rise to statutory penalties and attorney's fees. Soniat v. State Farm Mut. Auto. Ins. Co., 340 So.2d 1097 (La.App. 4th Cir. 1976).
[3] In the California Co. case litigation in the first concursus proceeding determined the title to a certain portion of Grand Bay. In the second concursus proceeding, involving claims to ownership of funds from different wells on the same property, the court refused to relitigate title to the property and held that the title issue (resolved in the first suit) was determinative of the fund ownership at issue in the second suit.
[4] Furthermore, Article 425 only prohibits dividing an obligation "for the purpose of bringing separate actions". Sutterfield's apparent purpose was to enforce the collision obligation quickly in a small claims court in order to place his automobile back in service, without having to wait for trial of the action to enforce the uninsured motorist obligation, the amount of which was beyond the jurisdiction of that court. Thus, it can be argued that Sutterfield did not bring two actions solely for the unjustified "purpose of bringing separate actions".