STOULIG, Judge.
Plaintiff, Herman Riley, individually and as administrator of the estate of his minor son, Carien Jones, obtained an $8,144.05 judgment against defendants, American Motorists Insurance Company; Texaco, Inc.; and Marshall Robertson, Jr., for general and special damages incurred in a bicycle-truck accident.
The accident occurred at 11:30 a. m. on July 4, 1975, on Louisiana Highway 631, an asphalt undivided roadway with one lane for eastbound and one lane for westbound traffic. At the accident site there is a narrow uneven dirt shoulder estimated between one and two feet wide on the west side of the roadway and a railroad track laid parallel to and approximately 20 feet to the side of the road. Residences border the east side of the highway, which, although used mostly by local traffic, has a 45-mile-per-hour speed limit.
Robertson, the truck driver, was proceeding in the westbound lane as was young Jones, the cyclist. Robertson testified that he first noticed the boy on the bicycle when he turned into the highway and was some two to three blocks from the youth. At the same time a train was passing on the track to Robertson’s right and he noticed the boy was watching the train. According to the truck driver the boy was riding on the uneven mud shoulder; according to the boy he was riding in the roadway.
As defendant driver approached young Carien from the rear, he testified he “figured” the boy could not hear or see him. He admitted an awareness of danger first because a child was riding a bicycle in or near the roadway and second because the child’s attention was riveted on the train then moving parallel to the roadway. His response to this situation was to reduce his speed from 15 to 10 miles per hour and to maneuver his vehicle to the left so that as it approached the boy it straddled the center line dividing the traffic lanes. The eastbound lane was clear at the time and it would have been possible for Robertson to pass the boy entirely in the left lane. He did not sound his horn in an attempt to alert the boy to his presence.
What happened immediately before and up to the moment of impact is not certain. According to the truck driver, the youth suddenly turned sharply to his left into the path of his vehicle. According to the cyclist the bicycle was toward the right hand side of the right lane when it was hit. From his testimony it was presumably hit directly from the rear.
Although there are written reasons for judgment, we are not informed how this credibility question was resolved. Rather the trial court held defendants liable because the driver had breached the duty of care imposed by law under the circumstances.
The standard of care by which a motorist’s actions are measured when his vehicle strikes a bicycling youth is stringent. Our jurisprudence describes his duty with the superlative “highest” degree of care. Kelly v. Messina, 318 So.2d 74 (La. *906 App. 4th Cir. 1975); Tate v. Hill, 197 So.2d 107 (La.App. 1st Cir. 1967). As Messina points out, when the child involved is old enough to have his actions measured under standards of contributory negligence, the motorist is generally liable if the evidence establishes he had the last clear chance to avoid the accident.
The facts before us lend themselves to the application of the last clear chance theory. Carien Jones, 12 years old at the time of the accident, was old enough to have his conduct evaluated in terms of negligence. Jones was not paying attention to traffic conditions because he was watching a train moving to his right. Whether he was riding on the narrow shoulder or in the roadway itself (we think the latter is more likely in view of the condition of the shoulder), he was admittedly negligent in not observing traffic conditions around him.
Robertson not only was aware of the presence of the young boy on the highway or shoulder, but also he perceived the youth’s concentration on the train rather than the roadway. There was no question in Robertson’s mind that the bicyclist he approached was dangerously inattentive to traffic conditions. He did respond to the situation. He slowed his vehicle from 15 to 10 miles per hour and he moved from the right lane to a position straddling the center line. However, these maneuvers proved ineffective. He did not try to attract the boy’s attention by sounding his horn; nor did he cross completely to the eastbound lane. We think the highest duty of care contemplates taking every available means to apprise the person in danger of his precarious position and at the same time exercising all maneuvers possible to avoid injury. Thus, we affirm the finding of liability because Robertson, having the last clear chance of avoiding the accident, failed to take all precautionary measures available to him.
Appellants alternatively contend that if their liability is affirmed, they are entitled to a reduction in general damages. The medical evidence establishes young Jones suffered lumbosacral strain, bilateral strain of the cervical muscles, strain of the left sternocleidomastoid muscle and multiple cuts and bruises to the right knee and left elbow. He received diathermy treatments for his back which showed a considerable improvement by November 26, 1975 (approximately five months after the accident) and for the cervical area until December 30, 1975. C.C. art. 1934(3) vests much discretion in the trial judge in assessing damages and we cannot say that the award complained of is excessive.
For the reasons assigned, the judgment appealed from is affirmed at appellants’ cost.
AFFIRMED.
BEER, J., dissents in part with written reasons.