BARRY, Judge.
On June 3, 1977, plaintiff was a student at the Jefferson Parish Vocational Technical School. While at school he was standing at a drafting board and proceeded to sit back on a stool which gave way causing him to fall backward and suffer a back injury.
The District Court found the stool defective and awarded plaintiff $3,500.00 in damages plus interest, costs, and expert fees. Defendant appeals on the question of liability and plaintiff appeals seeking higher quantum.
Conflicting testimony was presented on how plaintiff sat on the stool and what portion was defective.
The lower court said in its judgment that the “stools were poorly maintained due to (1) an anticipated move to another site and (2) the acquisition of new chairs”. The trial judge concluded that the plaintiff fell backward because of the stool’s defective condition.
The trial judge’s finding of fact is not to be disturbed in absence of manifest error. Canter v. Koehring Co., 283 So.2d 716 (La.1973); Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). We find no fault with the lower court’s reasons for judgment.
Plaintiff seeks increased quantum because of the painful nature of the injury and the prolonged recuperative period. Dr. George Byram, Jr., an orthopedic specialist, testified that plaintiff was in severe pain, had limitation of motion and tenderness at the L-3 vertebra which X-rays revealed to be a compression fracture. Dr. Byram prescribed bed rest, medication and a lumbo-sacral corset. The primary period of discomfort extended approximately four months at which time physiotherapy and exercises were utilized. As recently as February, 1979, the orthopedist stated that plaintiff had a limited range of motion with periodic discomfort during work and recreation.
We recognize the trial court has great discretion in setting quantum; however, appellate courts have the duty and responsibility to revise quantum in judgments when such a finding is warranted. Reggio v. Louisiana Gas Service Company, 333 So.2d 395 (La.App. 4th Cir., 1976); Coco *589 v. Winston Industries, Inc., 341 So.2d 332 (La.1976).
Appellate review of moderate to small monetary awards is admittedly difficult, but must receive the same scrutiny as substantial awards. If the dollars fall outside of reasonable discretionary range, then an adjustment is mandatory.
We feel the medical testimony requires an increase in the award from $3,500.00 to $7,500.00. The type of injury and duration of pain is compatible with the increased quantum. See: Sutterfield v. Fireman’s Fund Am. Ins. Co., 344 So.2d 1159 (La.App. 4th Cir., 1977), (affirming an award of $7,500.00 for cervical and lumbar strain over a period of approximately five months). Riley v. American Motorists Ins. Co., 365 So.2d 904 (La.App. 4th Cir., 1978), (affirming an award of $8,145.05 to a youth who sustained lumbosacral strain and cervical strain). Hughes v. Cox, 365 So.2d 1387 (La.App. 2nd Cir., 1978), (holding an award of $5,000.00 for back and neck injuries which required neck collar and back brace was inadequate and increasing award to $7,500.00).
Accordingly, the judgment of the District Court is increased to $7,500.00, plus legal interest thereon from judicial demand until paid. All costs, including the expert witness fee and this appeal, are assessed against defendant-appellant.

AMENDED and AFFIRMED.