GAUDIN, Judge.
Following summary judgment in case No. 330,912 in the 24th Judicial District, Lee Industries, Inc. filed an exception of res judicata in No. 330,911. The exception was maintained and this appeal followed.
Although two suits were filed simultaneously in district court, the causes of action could have been included in one petition. However, considering the apparent intent of LSA-C.C.P. art. 425, as interpreted by the Supreme Court of Louisiana in Cantrelle Fence and Supply v. Allstate Insurance Company, 515 So.2d 1074 (La.1987), it appears that the two instant district court suits were based on separate and legally distinct obligations. There was no obvious attempt to defeat the monetary jurisdiction of a higher court.
One petition sought recovery cost of the goods sold while the other was for finance charges on unpaid invoices.
Lee Industries filed separate answers but did not file a motion to consolidate the cases for trial. Only after one case was terminated did Lee Industries ask that the other be dismissed.
While piecemeal litigation trying to harass or burden a defendant with unnecessary expenses should be avoided, we cannot say here that Glazer Steel Corporation had to file one suit instead of two. See, in addition to the recent Cantrelle opinion, *791 Sutterfield v. Fireman’s Fund American Insurance Co., 344 So.2d 1159 (La.App. 4th Cir.1977).
Lee Industries argues that the finance charges in case No. 330,911 are in fact illegal and statutorily prohibited interest on interest. If so, the district judge can so find after a trial on the merits.
We set aside the order maintaining the exception of res judicata, and we remand this matter for further proceedings.
REMANDED FOR FURTHER PROCEEDINGS.