676 So.2d 1134 (1996)
Jeffrey S. FINE, M.D.
v.
REGIONAL TRANSIT AUTHORITY and J.W. James.
No. 95-CA-2603.
Court of Appeal of Louisiana, Fourth Circuit.
June 26, 1996.
*1135 Alan G. Brackett, Hebert, Mouledoux & Bland, New Orleans, for Appellant.
Veronica E. Henry, David Belfied, III, K. Yves Gelin, Wilkerson & Henry, L.L.C., New Orleans, for Appellees.
Before BARRY, KLEES and ARMSTRONG, JJ.
BARRY, Judge.
In this tort action the plaintiff, Dr. Jeffrey Fine, appeals a judgment which maintained an exception of res judicata.
On March 25, 1993 Dr. Fine's vehicle was struck by a Regional Transit Authority (RTA) bus driven by J.W. James. State Farm Mutual Automobile Insurance Company, the insurer of Dr. and Mrs. Lisa Fine, filed suit (subrogation claim) naming itself and the Fines as plaintiffs and RTA and James as defendants. The petition requested: $991.11 for State Farm, the amount it had paid the Fines (evidently for property damages); and $250 for the Fines (evidently the amount of the Fines' deductible). Subsequently the Fines and State Farm filed a motion and order of dismissal which provided that "all claims and demands presented herein have been amicably settled and compromised; and, that accordingly plaintiffs desire a dismissal of the entire action, with prejudice, and with the parties to bear their own costs." The trial court signed the dismissal on November 2, 1993.
On March 11, 1994 Dr. Fine filed a petition for damages against RTA and James for personal injuries, medical expenses, mental anguish, and past and future loss of earnings. Mrs. Fine claimed loss of consortium although she was not a named plaintiff. RTA and James answered and reconvened alleging Dr. Fine's negligence, but subsequently dismissed the reconventional demand without prejudice. RTA and James then filed an exception of res judicata, which was maintained.

LAW AND ANALYSIS
A judgment of dismissal with prejudice shall have the effect of a final judgment of absolute dismissal after trial. La.C.C.P. art. 1673; Cuccia v. Jefferson Parish School Board, 613 So.2d 1141 (La.App. 5th Cir. 1993). A final judgment is conclusive between the parties except on direct review under La.R.S. 13:4231. A final judgment acquires the authority of the thing adjudged if no further review is sought within the time fixed by law or if the judgment is confirmed on review. La.C.C. art. 3506(31); Tolis v. Board of Supervisors of Louisiana State University, 95-1529 (La. 10/16/95), 660 So.2d 1206.
La.R.S. 13:4231 presently provides:
Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
(1) If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment.
(2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.
(3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and *1136 determined if its determination was essential to that judgment.
The doctrine of res judicata was substantially changed by La. Acts 1990, No. 521, § 5, effective January 1, 1991 and applies to all actions filed on or after that date. A second action is barred because it arises out of the same occurrence as the prior action. This provides judicial economy and fairness because the plaintiff must seek all relief and assert all rights arising from the same occurrence in the first action. "[I]t would not matter whether the cause of action asserted in the second action was the same as that asserted in the first or different as long as it arose out of the transaction or occurrence that was the subject matter of the first action." Comment (a)-1990 to La.R.S. 13:4231. When the judgment is in favor of the plaintiff, all causes of action asserted are extinguished and merged in the judgment. Causes of action that were not asserted by the plaintiff are extinguished and barred by the judgment. Comment (f)-1990.
La.R.S. 13:4231 presently provides a broad application of res judicata; the purpose is to foster judicial efficiency and protect the defendants from multiple lawsuits. Prudhomme v. Iberville Insulations, 93-778 (La.App. 3 Cir. 3/2/94), 633 So.2d 380. "The statute was amended in 1990 to make a substantive change in the law: a judgment bar to all causes of actions arising out of the same occurrence." Steptoe v. Lallie Kemp Hospital, 93-1359 (La. 3/21/94), 634 So.2d 331, 335.
Along with La.R.S. 13:4231, La.C.C.P. art. 425A was amended effective January 1, 1991 to provide: "A party shall assert all causes of action arising out of the transaction or occurrence that is the subject matter of the litigation." According to the Comment-1990 to art. 425, "[t]his amendment expands the scope of this Article to reflect the changes made in the defense of res judicata and puts the parties on notice that all causes of action arising out of the transaction or occurrence that is the subject matter of the litigation must be raised." Because the judgment in plaintiff's action can also preclude an action by the defendant, La.C.C.P. art. 1061 was also amended to require the defendant to assert by reconventional demand all causes of action he may have arising out of the occurrence that is the subject matter of the first action. Comment(b)-1990 to La. R.S. 13:4231.
The current versions of La.R.S. 13:4231 and C.C.P. art. 425 prevent a plaintiff from filing a second action for penalties and attorney's fees after a judgment awarding damages. A plaintiff must assert all claims that arise out of the same occurrence in one action and any additional claims will be barred by principles of res judicata. Wood v. May, 95-0589 (La.App. 4 Cir. 6/7/95), 658 So.2d 8, rev'd on other grounds, 95-2224 (La. 11/27/95), 663 So.2d 739.
However, exceptions are listed in La.R.S. 13:4232:
A judgment does not bar another action by the plaintiff:
(1) When exceptional circumstances justify relief from the res judicata effect of the judgment;
(2) When the judgment dismissed the first action without prejudice; or
(3) When the judgment reserved the right of the plaintiff to bring another action.
According to the official comment, the statute gives a court the authority to exercise its equitable discretion to balance the principle of res judicata with the interests of justice. Jenkins v. State, 615 So.2d 405, 406 (La.App. 4th Cir.1993), writ denied, 617 So.2d 932 (La.1993). An insurance company's failure to provide the policy at issue until a few days before trial so that plaintiff was unaware of a medical payments provision and could not seek to enforce the provision or ask for penalties and attorney's fees for non-compliance in her personal injury suit has been held to constitute exceptional circumstances under La.R.S. 13:4232(1). Brouillard v. Aetna Casualty & Surety Company, 94-1559 (La.App. 3 Cir. 5/10/95), 657 So.2d 231.
Dr. Fine claims that the subject matter of the suits is different, but that argument is not persuasive under new La.R.S. 13:4231 and La.C.C.P. art. 425, which mandate *1137 that a plaintiff raise all his causes of action arising from an accident in the first action. Dr. Fine claims that the subrogation suit was filed without his knowledge and that there is no evidence in the record that he received the $250 deductible from the settlement amount.
Dr. Fine's alleged damages for personal injuries were not litigated or settled and La.R.S. 13:4231(3) does not support res judicata. State Farm took no action to protect its insureds' action by means of a reservation of rights.[1] Dr. Fine contends that these are exceptional circumstances under La.R.S. 13:4232 and equity dictates that the doctrine of res judicata not bar his suit for damages for physical injuries.
The overruling of an exception of res judicata will lessen judicial efficiency and increase the need for litigation. Those harms are sometimes preferable to the loss of plaintiff's substantive rights without the merits being decided. Mavromatis v. Lou-Mar, Inc., 93-0379, 93-1212 (La.App. 4 Cir. 2/11/94), 632 So.2d 828.
The loss of Dr. Fine's substantive right for damages for physical injuries resulting from the auto accident without being decided on the merits outweighs the need for judicial economy and for protection against the burdens of litigation. The doctrine of res judicata should not bar Dr. Fine's personal injury action.
The trial court erred by maintaining the defense exception of res judicata. The judgment is reversed and the matter remanded for further proceedings.
REVERSED; REMANDED.
ARMSTRONG, J., concurs with reasons.
ARMSTRONG, Judge, concurs with reasons.
I concur simply to emphasize that the trial court was correct in its determination that, in this situation of successive suits for different damages (property and personal injury) arising from the same automobile accident, the judgment in the first suit is res judicata as to the second suit. However, it appears that State Farm's only authority to name Dr. and Mrs. Fine as plaintiffs in the first suit was a subrogation provision in their insurance policy, that Dr. and Mrs. Fine were not even aware of the first suit, and that State Farm did nothing in the first suit to protect any claims of Dr. and Mrs. Fine for personal injury. Those three facts, at least in combination, constitute "exceptional circumstances" so that res judicata does not bar the present action. La.R.S. 13:4322(1).
NOTES
[1] Whether State Farm breached its fiduciary duty to its insureds is not before this Court.