709 So.2d 1059 (1998)
Oscar P. BOLAN
v.
TIDEWATER, INC.
No. 97-CA-2020.
Court of Appeal of Louisiana, Fourth Circuit.
March 25, 1998.
*1060 Stephen M. Wiles, Law Offices of Stephen M. Wiles, and Timothy J. Falcon, Falcon Law Firm, Marrero, for Plaintiff/Appellant.
Miles P. Clements, J. Dwight Leblanc, III, Brant D. Imperatore, Frilot, Partridge, Kohnke & Clements, L.C., New Orleans, for Defendants/Appellees.
Before SCHOTT, C.J., ARMSTRONG, J., and JAMES C. GULOTTA, J. Pro Tem.
SCHOTT, Chief Judge.
The issue here is whether a foreign seaman, who is injured in the territorial waters of Mexico and is admittedly precluded by the 1982 amendment to the Jones Act, 46 U.S.C.A.App. S 688(b), from bringing a suit for his injuries under the Jones Act or any other maritime law of the United States, may, nonetheless, assert a claim under the law of Mexico or of the State of Louisiana. The trial court held that he could not, and he has appealed. We affirm.
Plaintiff, Oscar P. Bolan, a Honduran citizen and resident, was allegedly injured while working aboard a 180 foot oil field supply vessel operating in the waters overlying the Continental Shelf of Mexico in the Bay of Campeche. He filed suit in Civil District Court, seeking damages against various Tidewater Companies under the Jones Act and the general maritime law. He also asserted claims under the laws of Mexico and Louisiana. Defendant filed a peremptory exception of no right of action pursuant to 46 U.S.C.A.App. Sec. 688(b) and an exception of prescription as to the claim under Louisiana law. The trial court rendered judgment sustaining the exception of prescription as to the Louisiana law claim and sustaining the exception of no right of action as to the general maritime, Jones Act and foreign law claims.
Plaintiff first argues that the exception of no right of action should not have been sustained because he had standing to bring his claims. When considering an exception of no right of action, the court must ask whether plaintiff belongs to a particular class for which the law grants a remedy for a particular grievance or whether plaintiff has an interest in judicially enforcing a right. Touzet v. V.S.M. Seafood Services, Inc., 96-0225(La.App. 4 Cir. 3/27/96), 672 So.2d 1011. Because of the conclusion below, that plaintiff has no standing, no right, to assert his claims his suit was properly dismissed on the exception of no right of action.
The Jones Act, 46 U.S.C.A.App. Sec. 688, was passed in 1920 to provide seamen with a cause of action against their employers for injuries sustained in the course of employment. In response to the large number of suits filed by foreign seaman in state and federal courts in this country against American companies, Congress amended the Jones Act in 1982. That amendment, 46 U.S.C.A.App. Sec. 688(b) provides:
(b) Limitations for Certain Aliens: Applicability in Lieu of Other Remedy.
(1) No action may be maintained under subsection (a) of this section or any other maritime law of the United States for maintenance and cure or for damages for the injury or death of a person who is not a citizen or permanent resident alien of the United States at the time of the incident giving rise to the action if the incident occurred-
(A) while that person was in the employ of an enterprise engaged in the exploration, development, or production of offshore mineral energy resourcesincluded but not limited to drilling, mapping, surveying, diving, pipelaying, maintaining, repairing, constructing, or transporting supplies, equipment or personnel, but not including transporting those resources by a vessel constructed or adapted primarily to carry oil in bulk in the cargo spaces; and,
(B) in the territorial waters or waters overlaying the continental shelf of a nation other than the United States, its territories, or possessions. As used in this paragraph, the term `continental shelf' has the meaning stated in Article 1 of the 1958 Convention on the Continental Shelf.

*1061 (2) the provisions of paragraph (1) of this subsection shall not be applicable if the person bringing the action establishes that no remedy was available to that person -
(A) under the laws of the nation asserting jurisdiction over the area in which the incident occurred; or
(B) under the laws of the nation in which, at the time of the incident, the person for whose injury or death a remedy is sought maintained citizenship or residency.
There is no dispute about the facts of this case. Plaintiff was a resident of Honduras and was not a citizen or a permanent resident alien of the United States when he was injured while employed in an enterprise engaged in oil production in the territorial waters overlaying the continental shelf of Mexico. Plaintiff offered no proof that no remedy was available to him under the laws of Honduras or Mexico. Consequently, under the plain wording of the statute he may not maintain his action under the Jones Act "or any other maritime law of the United States."
Plaintiff's argument is simple and straightforward. The statute does not explicitly bar claims under foreign or state law, and it should not be construed to mean what it does not say. On the other hand, this literal interpretation of the statute would frustrate the obvious intent of Congress in adopting the statute and would produce an absurd result.
Excerpts from the Congressional Record containing statements by members of the Louisiana Congressional delegation during the hearings on the amendment to the Jones Act demonstrate that they were concerned that United States companies engaged in the offshore oil and gas business were at a competitive disadvantage because foreign seamen were able to sue them in our federal and state courts. The Congressmen were also concerned about forum shopping and the expenses and case backlogs of our judicial systems. These concerns apply equally to suits by seamen who are not citizens or permanent resident aliens as those by our own citizens and they apply equally to claims brought by foreign seamen under the laws of the United States and those under the laws of foreign nations and the states of the United States. We are unable to conceive of any reason why Congress would have intended such a result. Basic principles of statutory construction preclude such an interpretation.
The foregoing discussion is dispositive of plaintiff's claim under Louisiana law as well as that under Mexican law. For the benefit of a reviewing court, however, we note that plaintiff's claim was filed in April 1996 for the injuries he sustained in October 1993. Consequently, his claim under Louisiana law is prescribed. LSA-C.C. Art. 3492.
The conclusion reached in this case is consistent with that of another panel of this court in Coto v. J. Ray McDermott, 96-CA-2701, 2702 (La.App. 4 Cir. 3/18/98), 709 So.2d 1023.
Accordingly, the judgment appealed from is affirmed.
AFFIRMED.