742 So.2d 1 (1999)
Warren Roy JACKSON, Plaintiff-Appellant,
v.
NORTH BANK TOWING CORPORATION, J. Ray McDermott, Inc., and McDermott, Inc., Defendants-Appellees.
No. 98-1334.
Court of Appeal of Louisiana, Third Circuit.
March 3, 1999.
*2 Timothy John Falcon, Stephen M. Wiles, Marrero, for plaintiff-Appellant.
Peter B. Tompkins, New Orleans, for Defendant-Appellee North Bank Towing Corp.
Francis X. Nuener, Jr., Kevin P. Merchant, LaBorde & Neuner, Lafayette, for Defendant-Appellee J. Ray McDermott, Inc.
BEFORE: SAUNDERS, AMY, and PICKETT, JUDGES.
SAUNDERS, Judge.
The two questions at issue are whether the trial court correctly granted a motion under La.Code Civ.P. art. 123 for summary judgment as to the appellee's Mexican, Honduran, and international law claims not in conflict with 46 U.S.C.App. § 688(b) or any general maritime law; and whether the trial court's use of 46 U.S.C.App. § 688(b), dismissing all Jones Act, general maritime law and international maritime law claims, is proper. In regard to the first error, the trial court's per curiam of January 7, 1999, clarifying the judgment is allowed under La.Code. Civ.P. art.1951(1) and the decision is affirmed. In regard to the second error, in light of congressional intent contained in the legislative record of 46 U.S.C.App. § 688(b) and existing case law, we affirm.

FACTS
Appellee, Warren Roy Jackson, a citizen of Honduras, filed suit against defendant-appellants, North Bank Towing Corporation and J. Ray McDermott, Inc., claiming to have been injured while working on the M/V MARTHA EUGENIA off the coast of Mexico on January 12, 1997. The Plaintiff was a relief captain on board who was injured when he slipped on some clear pitch oil on the deck that he claims was the result of the failure of the crew to recap a pitch oil tank hose after use. Plaintiff asserts this oversight created an unreasonable and undetectable hazard that caused his injury. Plaintiff, at the time of the accident, was a nonresident alien with a seaman's visa granted by the American Embassy in Honduras. The defendants filed motions for summary judgment on all claims asserting that 46 U.S.C.App. § 688(b) barred any action by the plaintiff absent a showing of no remedy in the courts of the country with jurisdiction. The trial court granted the motion to dismiss all United States and international maritime claims under 46 U.S.C.App. § 688(b) on February 2, 1998. At this time, the trial court deferred judgment on the motion to dismiss all foreign law claims pending further argument. The motion to dismiss all foreign law claims was granted on July 8, 1998, under La.Code Civ.P. art. 123 (forum non conveniens) subject to plaintiffs right to litigate such claims in an appropriate jurisdiction in Mexico and/or Honduras. In the per curiam filed January 7, 1999, the trial court clarified that 46 U.S.C.App. § 688(b), and not La.Code Civ.P. art. 123, was the basis of the dismissal of all foreign claims on July 8, 1998.
*3 Upon appeal, plaintiff claims the trial court in its July 8 decision committed error in two parts: first in use of the doctrine of forum non conveniens to dismiss any claims, and second in dismissing the foreign law claims under 46 U.S.C.App. § 688(b).
In regard to the first issue, the U.S. Supreme Court, in American Dredging Co. v. Miller, 510 U.S. 443, 114 S.Ct. 981, 127 L.Ed.2d 285 (1994), held that the federal doctrine of forum non conveniens does not preempt the Louisiana doctrine of forum non conveniens in admiralty cases brought before state courts under the "Jones Act" and the "savings to suitors" clause. The American Dredging decision, that forum non conveniens is procedural rather than substantive law, mandates the trial court follow Louisiana procedural law. In Louisiana, unlike other states, the courts do not have an inherent power of forum non conveniens. The Louisiana Supreme Court has spoken clearly on this issue stating "we place Louisiana among the minority and hold that Louisiana courts may not dismiss cases for forum non conveniens except for the cases provided in LSA-C.C.P. Art. 123. To the extent Stewart v. Litchenberg provides otherwise, it is overruled." Fox v. Board of Supervisors of Louisiana State University, 576 So.2d 978, 990 (La.1991). Louisiana's forum non conveniens law is contained in La.Code Civ.P. art. 123 which states in part:
B. Except as provided in Paragraph C, upon the contradictory motion of any defendant in a civil case filed in a district court of this state in which a claim or cause of action is predicated solely upon a federal statute and is based upon acts or omissions originating outside of this state, when it is shown that there exists a more appropriate forum outside of this state taking into account the location where the acts giving rise to the action occurred, the convenience of the parties and witnesses, and the interest of justice, the court may dismiss the suit without prejudice; however, no suit in which the plaintiff is domiciled in this state, and which is brought in a court which is otherwise a court of competent jurisdiction and proper venue, shall be dismissed pursuant to this Article. In the interest of justice, and before the rendition of the judgment of dismissal, the court shall require the defendant or defendants to file with the court a waiver of any defense based upon prescription, provided that a suit on the same cause of action is commenced in a court of competent jurisdiction within sixty days from the rendition of the judgment of dismissal.
C. The provisions of Paragraph B shall not apply to claims brought pursuant to 46 U.S.C.[App.] § 688 or federal maritime law.
The trial court's analysis of La. Code Civ.P. art. 123 is incorrect. In order for the defendants to successfully file a motion to dismiss under Louisiana forum non conveniens, the claims to be dismissed must be predicated solely on a federal statute and have been based on matters originating outside the state and cannot be any claims related to 46 U.S.C.App. § 688 or federal maritime law. In this case, the plaintiff's claim is either a foreign claim, in which case it does not meet the requirement of being solely based on a federal statute, or alternatively, falls under 46 U.S.C.App. § 688(b), and under La.Code Civ.P. art. 123(c) would not be eligible for dismissal.
The plaintiff's second claim of error states that 46 U.S.C.App. § 688(b) cannot be used by the trial court to dismiss the foreign claims. The mere assignment of this error indicates that the plaintiff's counsel understood that the trial court's order of dismissal on July 8, 1998, was based on 46 U.S.C.App. § 688 and not on La.Code Civ.P. art.123 as is erroneously stated in the judgment. This, in combination with the oral transcripts, is sufficient evidence of a mistake of the nature of which La.Code Civ.P. art.1951 (amendment *4 of judgment) is intended to cure. La.Code Civ.P. art.1951(1) states in part: "A final judgment may be amended by the trial court at any time, with or without notice, on its own motion or on motion of any party: (1) To alter the phraseology of the judgment, but not the substance; ..." The trial court's per curiam is in compliance with La.Code Civ.P. art.1951(1) in that the substance of the judgment, dismissal of foreign claims, remains the same. The question remains whether or not the trial court's use of 46 U.S.C.App. § 688(b) to dismiss the foreign law claims is proper. The plaintiff asserts that the trial court's jurisdiction in this case is derived from the Louisiana Constitution which states: "a district court shall have original jurisdiction of all civil and criminal matters[,]" La. Const. art. V, § 16, and under the open forum doctrine of the Louisiana Constitution stating: "every person shall have an adequate remedy by due process of law and justice ..." La. Const. art. I, § 22. On this basis of Louisiana law granting jurisdiction, the plaintiff claims that this is a foreign law issue and not an admiralty issue under 28 U.S.C. § 1333. The plaintiff asserts that since 28 U.S.C. § 1333 does not apply, there is no need for an analysis of whether 46 U.S.C.App. § 688 applies or there is any detriment to existing federal maritime law. The plaintiff, in the alternative, claims that 46 U.S.C.App. § 688 should be construed strictly as written so that it will not act as a bar to his foreign law claims.
The defendants assert that this is an admiralty issue and, as such, the foreign law claims are only in state court under the "savings to suitors" clause of 28 U.S.C. § 1333 and must necessarily be barred since the allowance of such a claim would have a detrimental effect on existing federal maritime law. The defendants also offer the legislative history of this law to show the clear intent of congress is for this law to apply to exactly this type of case. Though the plaintiff has brought before the court a creative method of jurisdiction based on the Louisiana Constitution, the Supreme Court decided in The Plymouth, 3 Wall. 20, 70 U.S. 20, 18 L.Ed. 125 (1865) that: "Every species of tort, however occurring, and whether on board a vessel or not, if upon the high seas or navigable waters, is of admiralty cognizance." Id. at 36. This became known as the locality test. The court later added to this test in Executive Jet Aviation, Inc. v. City of Cleveland, 409 U.S. 249, 93 S.Ct. 493, 34 L.Ed.2d 454 (1972). In this case of an airliner crashing into Lake Erie, the Court declined to look at the locality of the incident deciding instead that there was no connection between the incident and mari-time activity such as would allow for mari-time jurisdiction. The Court gave a general statement of the law stating "the wrong [did not] bear a significant relationship to traditional maritime activity." Id. at 268, 93 S.Ct. at 504, 34 L.Ed.2d 454. Though limited in scope to cases involving aviation torts, this case led lower courts to apply this test to all other admiralty cases. In Foremost Ins. Co. v. Richardson, 457 U.S. 668, 102 S.Ct. 2654, 73 L.Ed.2d 300 (1982). the Supreme Court approved this broadened interpretation of the Executive Jet decision. This case involved two pleasure boats in a collision. The Court decided: "The potential disruptive impact of a collision between boats on navigable waters... compels the conclusion that this collision between two pleasure boats on navigable waters has a significant relationship with maritime commerce." Id. at 675, 102 S.Ct. at 2658. Later in Sisson v. Ruby, 497 U.S. 358, 110 S.Ct. 2892, 111 L.Ed.2d 292 (1990), the court seized on a portion of the Foremost decision which said that when a "potential hazard to maritime commerce arises out of activity that bears a substantial relationship to traditional maritime activity, ... admiralty jurisdiction is appropriate." Sisson v. Ruby, 497 U.S. 358, 110 S.Ct. 2892, 111 L.Ed.2d 292 (1990) (citing Foremost Ins. Co., 457 U.S. 668, 675, n. 5, 102 S.Ct. 2654, 2658, n. 5, 73 L.Ed.2d 300 (1982)). This case involved a fire on a boat caused by a defective *5 clothes dryer. The Court granted that maritime jurisdiction would apply since the fire would have "a potentially disruptive impact on maritime commerce, as it can spread to nearby commercial vessels or make the marina inaccessible to such vessels." Id. at 362, 110 S.Ct. at 2896.
These decisions leave the question of admiralty jurisdiction dependent on a three part test, whether the incident should (1) occur on navigable waters; (2) bear a substantial relationship to traditional maritime activity; and (3) have a potential impact on maritime commerce. The case at bar meets all three prongs of this test. This makes it maritime in nature and so jurisdiction of Louisiana trial courts is derived from 28 U.S.C. § 1333 and the "savings to suitors" clause. Now that it is established that proper jurisdiction for the trial court is derived from 28 U.S.C. § 1333, the only questions remaining are whether if allowing the foreign claims to continue under the "savings to suitors" clause would violate either 46 U.S.C.App. § 688 or would act to the detriment of the federal maritime law. There is a question on whether the statutory construction of 46 U.S.C.App. § 688 precludes foreign plaintiffs from bringing only U.S. maritime claims or all claims. The legislative history of 46 U.S.C.App. § 688 makes it apparent that the intent of Congress is for the statute to cover all claims whether based in U.S. law or not. Just as the courts in Coto v. J. Ray McDermott, S.A., 96-2701, 96-2702 (La.App. 4 Cir. 3/18/98 ); 709 So.2d 1023 and Bolan v. Tidewater, Inc., 97-2020 (La.App. 4 Cir. 3/25/98); 709 So.2d 1059, writ denied, 98-1130 (La.6/19/98); 720 So.2d. 1212, we find that 46 U.S.C.App. § 688 does apply and as such, if the plaintiff wishes to bring a claim he must satisfy either (b)(2)(A)or(B) of the statute which reads:
The provisions of paragraph (1) of this subsection shall not be applicable if the person bringing the action establishes that no remedy was available to that person
(A) under the laws of the nation asserting jurisdiction over the area in which the incident occurred; or
(B) under the laws of the nation in which, at the time of the incident, the person for whose injury or death a remedy is sought maintained citizenship or residency.
The plaintiff has not shown any evidence of a lack of remedy in foreign venues and as such, the trial court is correct in using 46 U.S.C.App. § 688 to dismiss all foreign law claims without prejudice.

DECREE
For the reasons previously stated, we affirm the trial judge's order of dismissal of all foreign law claims under 46 U.S.C.App. § 688. Costs assessed to appellant, Warren Roy Jackson.
AFFIRMED.
AMY, J., concurs in the result and assigns reasons.
AMY, J., concurring.
I write separately as I conclude that the lower court's oral reasons for ruling, coupled with the per curium filed January 7, 1999, sufficiently indicates that the summary judgment granted by the lower court was entered due to a finding that 46 U.S.C.App. § 688 precludes maintenance of the suit under the circumstances presented. Therefore, in my view, any discussion of the forum non conveniens issue raised by the plaintiff is pretermitted. With regard to the remaining issue, whether 46 U.S.C.App. § 688 allows this case to proceed in the lower court, I find that reference to the clear language of the statute prohibits maintenance of the action given the factual background presented by the plaintiff. Here, no indication has been given that the plaintiff does not have remedy *6 elsewhere. Therefore, I concur in the affirmation of the lower court's judgment.