# IN THE UNITED STATES COURT OF APPEALS

# FOR THE FIFTH CIRCUIT

———————————

m 99-30030

———————————

WARREN ROY JACKSON,

Plaintiff-Appellant,

VERSUS

NORTH BANK TOWING CORPORATION; ET AL,

Defendants,

NORTH BANK TOWING CORPORATION AND J. RAY MCDERMOTT, INC.,

Defendants-Appellees.

———————————

Appeal from the United States District Court
for the Eastern District of Louisiana

———————————

June 2, 2000

ON PETITION FOR PANEL REHEARING

Before HIGGINBOTHAM and SMITH, Circuit Judges, and FALLON, District Judge.*

_____

* District Judge of the Eastern District of Louisiana, sitting by designation.

PER CURIAM:

The petition for panel rehearing is GRANTED. The opinion, 201 F.3d 415 (5th Cir. 2000) (per curiam), is VACATED, and the following opinion is substituted:

Warren Jackson appeals the dismissal of his foreign law tort claims for negligence and maintenance and cure. Because Jackson's

claims previously were dismissed in Louisiana state court, res judicata bars relitigation of them. We therefore affirm the dismissal, but on grounds different from those relied on by the district court.

## I.

Jackson, a non-resident alien and citizen of Honduras, was employed as a seaman by North Bank Towing Corporation, a Louisiana corporation, aboard M/V MARTHA EUGENIA, owned and operated by J. Ray McDermott, Inc. (with North Bank, collectively "defendants"). Jackson was injured when he fell aboard the vessel while it was engaged in offshore oil and gas exploration off the coast of Mexico.

Jackson first sued in state court, alleging a variety of state, federal, and foreign law maritime and tort claims. Defendants responded with a motion for summary judgment on all claims, asserting that § 688(b) of the Jones Act barred any action by Jackson, absent a showing of no-available-remedy in the courts of the country(ies) with jurisdiction. In February 1998, the state court granted the motion to dismiss all United States and international maritime claims under § 688(b), but deferred, pending further argument, decision on the motion to dismiss all other foreign law claims. Then, on July 8, 1998, the court granted the motion to dismiss all foreign law claims as well, based on forum non conveniens, stating:

> IT IS HEREBY ORDERED, ADJUDGED AND DECREED, that all State law claims are hereby dismissed *with prejudice*, at plaintiff's sole cost, as set forth in this Court's written reasons for judgment dated February 2, 1998;

> IT IS FURTHER ORDERED, ADJUDGED AND DECREED, that the Motion for Reconsideration of the Motion for Summary Judgment of defendants as to any and all Mexican law claims, Honduran law claims or any and all foreign law claims is hereby granted and those claims are dismissed *without prejudice*, at plaintiff's sole cost, *subject only to plaintiff's right to pursue such claims in an appropriate jurisdiction in Mexico and/or Honduras*;

> IT IS FURTHER ORDERED, ADJUDGED AND DECREED, that the Motion for Reconsideration of the Motion for Summary Judgment of the defendants as to any and all Mexican law claims, Honduran law claims or any foreign law claims which are not in conflict with 46 U.S.C. §688(b) or general maritime law is hereby granted and those claims are dismissed *without prejudice*, at plaintiff's sole cost, pursuant to Louisiana Code of Civil Procedure art. 123 ("foreign non conveniens") *subject only to plaintiff's right to pursue such claims in an appropriate jurisdiction in Mexico and/or Honduras.*

(Emphasis added.) Finally, in January 1999, the court clarified that § 688(b), and not forum non conveniens, was the basis of the July 8 dismissal of all foreign law claims.

Jackson appealed, arguing that the trial court (1) had improperly invoked forum non conveniens and (2) had erred in dismissing his claims pursuant to § 688(b). In March 1999, the court of appeal affirmed the dismissal, reasoning that § 688 barred both foreign and

United States law claims and that Jackson had "not shown any evidence of a lack of remedy in foreign venues." *Jackson v. North Bank Towing Corp.*, 742 So. 2d 1, 7 (La. App. 3d Cir. 1999).

In the meantime, however, in January 1998, Jackson had sued in federal court. Jackson again asserted negligence claims pursuant to the Jones Act and, alternatively, the tort laws of Mexico and Honduras and the international *lex maritime*, and unseaworthiness claims pursuant to the maritime law of the United States, the laws of Mexico and Honduras, and the international *lex maritime*; additionally, he asserted a claim for maintenance and cure under the general maritime law of the United States.

Then, in October 1998, before the state trial court was affirmed, the defendants moved for summary judgment in federal district court, seeking dismissal of all Jackson's claims pursuant to § 688(b). That motion was granted and is the subject of the instant appeal.

II.

In our original opinion, we addressed the underlying substantive issue, decided by the district court, whether 46 U.S.C. § 688(b) bars not only claims made pursuant to the Jones Act or other maritime laws of the United States, but also foreign law claims. Because the plain text of § 688(b)(1) bars only actions brought under the maritime laws of the United States, and because it made no mention of foreign law claims, we held that the district court had improperly dismissed Jackson's claims brought under the laws of Mexico and Honduras and the international lex maritime. *Jackson v. North Bank Towing Corp.*, 201 F.3d 415, 418 (5th Cir. 2000) (per curiam).

This was so notwithstanding the legislative history of the Jones Act that supported defendants' argument that Congress intended for foreign law claims to be foreclosed as well, and notwithstanding the fact § 688(b)(2) supported an inference that these claims should be available only once the plaintiff could establish that foreign fora would not be available to him. We reasoned that this subsection still could have meaning if we applied it only to United States maritime claims brought by foreign seamen, because "for a foreign seaman to bring an action under any maritime law of the United States, he must first establish that foreign law remedies are not available to him in other fora." *Id.* at 417.

Thus, we left it to Congress to amend the plain text of the statute if our result was contrary to its intent. We now grant defendants' petition for rehearing, however, because we need not have addressed the admittedly difficult interpretation question that was previously decided in Louisiana state court.

III.

Although Jackson does not argue that the claims that were the subject of the earlier state court lawsuit and dismissal were different from those he reasserted in federal district court, he contends that res judicata does not apply, because the state court dismissed "without prejudice," indicating that there should be no preclusive effect under Louisiana law. Alternatively, Jackson argues that we should consider this issue waived on appeal, because defendants did not raise it as an affirmative defense in the district court, and that we should not exercise our discretion to consider it *sua sponte*.

A.

Our first issue is whether the state court's

3

dismissal "without prejudice" should have any preclusive effect for future claims in Louisiana and federal court. Louisiana's doctrine of res judicata was substantially changed in 1990 by new LA. R.S. 13:4231, which "provides a broad application of res judicata; the purpose is to foster judicial efficiency and protect the defendants from multiple lawsuits." *Fine v. Regional Transit Auth.*, 676 So. 2d 1134, 1136 (La. App. 4th Cir. 1996). "The statute was amended in 1990 to make a substantive change in the law: a judgment bar to all causes of actions arising out of the same occurrence." *Id.* The statute's broad principle of preclusion is subject to exceptions, however, and LA. R.S. 13:4232 provides:

> A judgment does not bar another action by the plaintiff:
>
> (1) When exceptional circumstances justify relief from the res judicata effect of the judgment;
>
> (2) When the judgment dismissed the first action without prejudice; or
>
> (3) When the judgment reserved the right of the plaintiff to bring another action.

Jackson relies on the second of these exceptions. But, because the Louisiana trial court's dismissal also provided that it would be "subject only to plaintiff's right to pursue such claims in an appropriate jurisdiction in Mexico and/or Honduras," the third exception is also relevant.

Apparently, no Louisiana or Fifth Circuit cases interpret a similarly-worded dismissal, as to whether it should operate as a preclusive decision in state and federal (but not Mexican or Honduran) courts. But notwithstanding the trial court's designation of the dismissal as "without prejudice," the "subject to" language indicates that the dismissal would have preclusive effects in all but the Mexican or Honduran courts.

First, this is the natural interpretation of the court's language; it would be wholly unnecessary to state that Jackson could refile his claims in these foreign courts if the dismissal was to have no preclusive effect. Second, this reading is consistent with the court's finding that Jackson had not made a showing that these foreign courts were unavailable to him. Thus, it is logical that the trial court would leave open to him this option specifically contemplated by the Jones Act.

Finally, the Louisiana courts have interpreted the res judicata rule broadly, while narrowly constricting § 4232's exceptions. For example, in *Centanni v. Ford Motor Co.*, 636 So. 2d 1153, 1155 (La. App. 3d Cir.), *writ denied*, 644 So. 2d 656 (La.1994), the court noted that the exception for dismissals without prejudice "is designed to protect those drawn into error by an awkward factual or legal scenario, not by those who can allude to no circumstance to justify no action at all." And under facts slightly different from those present here, another Louisiana court of appeal held that a settlement and dismissal was res judicata, even though the dismissal was without prejudice. *See Medicus v. Scott*, 744 So. 2d 192, 196 (La. App. 2d Cir. 1999). The court reasoned that "[p]ublic policy favors compromises and the finality of settlements." *Id.* Likewise, the broad application of res judicata serves the purpose of "foster[ing] judicial efficiency and protect[ing] the defendants from multiple lawsuits." *Fine*, 676 So. 2d at 1136.

4

The application of res judicata works no undue hardship on Jackson. Instead, this is a textbook case for claim preclusion, because both parties had their day in court on these very issues. Moreover, Jackson is not left without a forum, because the Mexican and Honduran courts are still available to him. As a result, the Louisiana trial court's dismissal was "without prejudice" only with respect to Jackson's right to bring foreign law claims in Mexican or Honduran courts. In contrast, the "subject only to" language indicates that the dismissal would be preclusive in state and federal courts.

## B.

The only remaining issue, then, is whether defendants have waived this argument by not raising it in federal district court. We conclude they have not. First, the defendants correctly point out that we can raise this issue *sua sponte*, even where neither party mentions it. For example, in *Russell v. SunAmerica Sec., Inc.*, 962 F.2d 1169, 1172 (5th Cir. 1992), we noted:

> Under Federal Rule of Civil Procedure 8(c), the doctrine [of res judicata] must be affirmatively pled. Failure to so plead usually precludes the district court and appellate courts from considering the doctrine. We have held, however, that we may raise the issue of res judicata sua sponte "as a means to affirm the district court decision below." . . . In the posture of this case, . . . where all of the relevant facts are contained in the record before us and all are uncontroverted, we may not ignore their legal effect, nor may we decline to consider the application of controlling rules of law to the dispositive facts, simply because neither party has seen fit to invite our

attention to the issue by technically correct and exact pleadings. We do so sua sponte.

(Internal citations omitted.) Thus, it follows that we can consider the issue when it expressly was raised by the defendants, even where they failed to argue it in the district court.

Second, other considerations counsel in favor of our considering the res judicata issue. The reason defendants did not raise this argument in the district court is that Jackson's state case was not yet final at that time. The state appeal was still pending when the federal district court granted the motions for summary judgment and dismissed. Consequently, defendants cannot be blamed for addressing the matter for the first time on appeal.

Also, principles of comity counsel that we should respect the final decisions of the Louisiana courts, and, as in *Russell*, we are presented with all the facts necessary to make the res judicata determination. Accordingly, we vacate our earlier opinion and affirm the judgment dismissing Jackson's claims.

AFFIRMED.

5