IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-30446
Summary Calendar
_____

REYNOLD KALLOO; TYRONE STEVENSON,

Plaintiffs-Appellants,

versus

TT BOAT CORPORATION,

Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 02-CV-138-N
--------------------
December 30, 2002

Before JONES, DUHÉ, and CLEMENT, Circuit Judges.

PER CURIAM:[1]

Reynold Kalloo and Tyrone Stevenson appeal the district court's grant of summary judgment dismissing their claims as barred by res judicata. We review summary judgment dismissals de novo. Young v. Equifax Credit Information Services, Inc., 294 F.3d 631, 635 (5th Cir. 2002).

_____

[1] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The plaintiffs do not argue that the elements of res judicata are unmet. They argue that an exception to the doctrine of res judicata applies.

First, plaintiffs argue that the state appellate court dismissal of their action was without prejudice. This is not so. A final state judgment not stating that it is with prejudice may still preclude further litigation in federal court if the judgment demonstrates the court's intent to dismiss with prejudice. See Jackson v. North Bank Towing Corp., 213 F.3d 885, 889 (5th Cir. 2000). The state court clearly intended to dismiss the plaintiffs' claims with prejudice as to all United States courts.

Alternatively, plaintiffs argue that res judicata should not bar their claim due to exceptional circumstances. They allege that exceptional circumstances exist because Texas courts have interpreted the Jones Act to allow their foreign-law claim. They submit that the state appellate court's decision was in error. Plaintiffs have failed to show that exceptional circumstances warrant relief from res judicata. See McClendon v. State, DOTD, 642 So. 2d 157, 160 (La. 1994)(erroneous adjudication is immaterial to the application of res judicata).

Because the plaintiffs have not shown that exceptional circumstances exist to bar preclusion of their claims, and the dismissal was with prejudice as to further action in United States courts, res judicata bars their claims. LA. REV. STAT. ANN.

2

13:4232(A).  The district court did not err in so finding; its order is

AFFIRMED.