NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 21, 2007[*]
Decided February 23, 2007

**Before**

Hon. FRANK H. EASTERBROOK, *Chief Judge*

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

No. 06-3046

| | |
|---|---|
| JOHN L. LERCH, | Appeal from the United States |
| *Plaintiff-Appellant,* | District Court for the Eastern |
| | District of Wisconsin |
| *v.* | |
| | No. 05-C-484 |
| CITY OF GREEN BAY, et al., | |
| *Defendants-Appellees.* | William C. Griesbach, |
| | *Judge.* |

## O R D E R

John Lerch appeals the district court's grant of summary judgment for the defendants on his equal protection claim. We affirm.

Lerch, a white male, rents out nine residential properties that he owns in Green Bay to low-income tenants. Some of these tenants have complained to the

---

[*]After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. Fed. R. App. P. 34(a)(2).

city about the condition of the properties. Over the last 15 years, city inspectors have cited the properties repeatedly for housing code violations, including uncollected rubbish, an unpaved driveway apron, chipped paint, and insufficient weather-proofing of exterior surfaces; city inspectors have also ordered debris removed from the properties at Lerch's expense. Many of such citations and orders were issued without prior warning or notice. Lerch complained to the city and the Inspection Department that enforcement of the housing code was unfair because he was cited for the same violations committed by owners of nearby properties, who he surmised had not been cited.

After his complaints went unheeded, Lerch brought a "class of one" equal protection claim against the City of Green Bay and several building inspectors under 42 U.S.C. § 1983, alleging that his properties had been singled out for disproportionately harsh treatment. Discovery ensued, and eventually the court granted summary judgment to the defendants. The court determined that Lerch had not presented sufficient evidence that he was similarly situated to other property owners who were not cited or that he was subjected to any disparate treatment that was irrational or motivated by some illegitimate animus or ill will.

Lerch first challenges in only general terms the district court's conclusion that he could not establish a class-of-one claim. To establish this claim, a plaintiff must present evidence that a government official treated him differently from other similarly situated individuals and that there was no rational basis for the treatment. *RJB Properties, Inc. v. Bd. of Educ. of the City of Chicago*, 468 F.3d 1005, 1009-10 (7th Cir. 2006). *See also Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). Lerch argues that he has shown that similarly situated owners were treated differently because he was cited for having an unpaved driveway apron, while other nearby properties seemingly avoid citation, since their driveway aprons continue to be unpaved.

Lerch, however, cannot meet his "very significant burden" of introducing evidence that the other individuals are similarly situated in all relevant respects. *RJB Properties*, 468 F.3d at 1010. He offered no proof, for instance, that the owners of those properties owned many rental properties containing multiple code violations, that their tenants had complained to the city, or that the other owners were not cited, much less that the same inspector made the decision in each case. *See Maulding Dev., LLC v. City of Springfield*, 453 F.3d 967, 971 (7th Cir. 2006). He thus has not shown that he was similarly situated to another property owner who was not cited.

Lerch also suggests that the district court should not have granted summary judgment to the defendants without considering their intransigence in refusing to timely answer his discovery requests. But the defendants answered his requests a

week after they moved for summary judgment and almost a month before his response was due. If Lerch was not satisfied with the pace of their responses, he should have asked for additional time for discovery under Fed. R. Civ. P. 56(f), *see Deere & Co. v. Ohio Gear*, 462 F.3d 701, 706 (7th Cir. 2006), or moved to compel defendants' compliance under Fed. R. Civ. P. 37(a), *see Woods v. City of Chicago*, 234 F.3d 979, 990-91 (7th Cir. 2000).

Finally, Lerch suggests that the district court erred in denying him leave to amend his complaint to add allegations of subsequent incidents that he had with city inspectors over his properties. The district court denied his initial attempts at amendment because he failed to follow the court's local procedural rules. The court then denied Lerch's most recent request because it would have required additional discovery and unduly delayed the case. Given that any delay would require the court to push back deadlines for discovery and dispositive motions, we note no abuse of discretion in the court's ruling. *See Bethany Pharm. Co., Inc. v. QVC, Inc.*, 241 F.3d 854, 861-62 (7th Cir. 2001).

Lerch's remaining challenges warrant no discussion.

AFFIRMED.