NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 26, 2008[*]
Decided March 27, 2008

**Before**

RICHARD A. POSNER, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

No. 07-3547

| | |
|---|---|
| JOHN L. LERCH, | United States District Court for the |
| *Plaintiff-Appellant*, | Eastern District of Wisconsin. |
| | |
| *v.* | No. 06-C-454 |
| | |
| CITY OF GREEN BAY, et al., | William C. Griesbach, |
| *Defendants-Appellees*. | *Judge*. |

**O R D E R**

This lawsuit presents the second case in which John Lerch—a landlord who owns numerous low-cost rental properties in Green Bay, Wisconsin—has alleged that the city of Green Bay ("the city") and several of its building inspectors violated his equal protection rights by arbitrarily enforcing housing codes against him and not against similarly situated

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

property owners. In his first suit Lerch complained that the defendants cited him for, among other things, having an unpaved driveway apron and litter on his property. Here Lerch argues that the defendants treated him unequally when they razed buildings on two of his properties for code violations that he says are similar to violations committed by other property owners whose buildings were not razed. In both cases, the district court concluded that Lerch could not prevail on his class-of-one equal protection theory because he had not shown that he was similarly situated to other property owners who were treated more favorably. We affirmed the district court's judgment in the first suit, *see Lerch v. City of Green Bay*, 218 Fed. App'x 502 (7th Cir. 2007), and we affirm here as well.

Because Lerch did not respond to the defendants' motion for summary judgment in the manner required by Local Rule 56.2(b), the district court adopted the defendants' proposed findings of fact. *See* E.D. WIS. LOC. R. 56.2(b)(2), (e). On appeal Lerch argues that he complied by filing an affidavit and his own proposed findings of fact, but neither of those documents provide the specific responses to the defendants' proposed findings that the local rules require. *See id.* Accordingly, our de novo review will rest on the defendants' version of the facts. *See Koszola v. Bd. of Educ. of the City of Chicago*, 385 F.3d 1104, 1109 (7th Cir. 2004).

Lerch has owned rental properties in Green Bay for approximately 30 years, and his tenants often have complained to the Green Bay Inspection Department about the conditions of their homes. In the past 15 years, he has received numerous citations for code violations. Lerch's current allegations arise from actions that the city took with respect to properties he owned on Crooks and Klaus Streets. In January 2005 Lerch bought the Crooks Street property knowing that it had been condemned and that the city had issued to the previous owners a notice to raze or repair. After Lerch received a notice to vacate the property in June 2005, the city razed the building on the Crooks Street property. As for the Klaus Street property, following a November 2004 inspection the city sent Lerch a notice of code violations giving him until December 6, 2004, to bring the property into compliance. When Lerch did not fully comply with the notice by the deadline, the city issued him a citation. Five months later, a city alderman complained that work was being done at the Klaus Street property without a permit. The city conducted a second inspection and confirmed that Lerch was violating a municipal code by making repairs and remodeling without a permit. After the city issued him a raze or repair order, Lerch agreed to obtain the necessary permits by January 31, 2007. When he failed to comply with the deadline or request an extension, the city razed the building on the Klaus Street property.

Lerch argues that the defendants violated his equal protection rights by enforcing housing codes against him, and not, he says, against the owners of properties with similar code violations. It is difficult to succeed on a class-of-one equal protection theory; to prevail

Lerch must show that the defendants intentionally treated him differently from others similarly situated, and that there is "no rational basis for the difference in treatment or the cause of the differential treatment is a totally illegitimate animus." *See Maulding Dev't, LLC v. City of Springfield*, 453 F.3d 967, 969-70 (7th Cir. 2006) (quotation marks and citation omitted); *see also Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564-65 (2000). Lerch must demonstrate that the property owners the city treated differently from him were not just similar, but "'prima facie identical in all relevant respects.'" *See Lauth v. McCollum*, 424 F.3d 631, 634 (7th Cir. 2005) (quoting *Purze v. Vill. of Winthrop Harbor*, 286 F.3d 452, 455 (7th Cir. 2002)). The similarly situated test is a particularly high bar because "[v]arious factual traits, circumstantial nuances, and peculiarities can set entities apart, rendering them, by virtue of their differences, amenable to disparate treatment." *Racine Charter One, Inc. v. Racine Unified Sch. Dist.*, 424 F.3d 677, 681 (7th Cir. 2005).

Lerch argues that the defendants violated his equal protection rights when they razed the building on his Crooks Street property without giving him an opportunity to correct the code violations, while they did provide such an opportunity to Dan Laes, the owner of another condemned property. Laes submitted an affidavit stating that he bought a property on Third Street knowing that it was condemned but that the city gave him time to bring his property into code compliance. But as the district court found, Laes bought his property from owners who had timely challenged the condemnation order, while the previous owners of the Crooks Street property had not challenged its condemnation order. This distinction alone is sufficient to show that Lerch and Laes were not similarly situated, and gave the defendants a rational reason to treat their properties differently. *See Ind. State Teachers Assoc. v. Bd. of Sch. Comm'rs of the City of Indianapolis*, 101 F.3d 1179, 1182 (7th Cir. 1996) (noting that the equal protection clause is inapplicable where "the government is treating unequally two persons that are prima facie *unequal* in a rationally relevant respect").

Lerch also argues that his Klaus Street property is the only one that the city had ever razed while work was underway to correct code violations. But the only property owner he identifies as similarly situated is Lloyd Larscheid, who averred that the city has always allowed him time to make repairs after issuing him raze or repair orders and has never razed any of his buildings. Again, this assertion is insufficient to show that Larscheid and Lerch are similarly situated; there could be any number of differences in the number or nature of their respective violations that would justify their disparate treatment. *See, e.g., Racine Charter One, Inc.*, 424 F.3d at 681.

Finally, Lerch argues that by submitting photographs of other properties that he says were in worse condition than his own he has shown that he was not treated the same as other property owners. We are in no position to determine from these photographs whether

the properties shown are "prima facie identical" to Lerch's.  *See Lauth*, 424 F.3d at 634.  In any event, the equal protection clause does not require "[c]omplete equality in enforcement," *see id.* at 633; *Albiero v. City of Kankakee*, 246 F.3d 927, 932 (7th Cir. 2001), and Lerch has pointed to nothing to show that he was unfairly singled out for enforcement other than his own unexplained and unsupported assertions that the city does not like him. Accordingly, the district court correctly concluded that Lerch cannot prevail on a class-of-one equal-protection theory, and we AFFIRM its grant of summary judgment for the defendants.