**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted December 22, 2010[*]
Decided December 22, 2010

**Before**

WILLIAM J. BAUER, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 10-2719

| | |
|---|---|
| JOHN L. LERCH, *Plaintiff-Appellant,* | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| *v.* | No. 08-C-1034 |
| CITY OF GREEN BAY, et al., *Defendants-Appellees.* | William C. Griesbach, *Judge.* |

### O R D E R

John Lerch owns a number of properties in Green Bay, Wisconsin. He and the city have waged a longstanding dispute over the unsatisfactory conditions in his buildings. When the city enforced its housing code against his properties, and then again when the city issued a raze-or-repair order against his building on Klaus Street, Lerch responded by filing class-of-one claims invoking the Equal Protection Clause. In each case we affirmed the district court's grant of summary judgment to the city. *Lerch v. City of Green Bay* (*Lerch I*), 218 F. App'x 502 (7th Cir. 2007); *Lerch v. City of Green Bay* (*Lerch II*), 271 F. App'x 528 (7th

---

[*]After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

Cir. 2008).  Now Lerch has returned to court with yet another class-of-one claim; his complaint alleges that the city brushed aside the Constitution when it made good on the raze-or-repair order and demolished his building on Klaus Street.  The district court dismissed the suit, reasoning that Lerch had not identified anyone who was similarly situated.

On appeal Lerch insists that he was almost finished repairing his building on Klaus Street when the city tore it down, months ahead of the deadline officials gave him to bring the property up to code.  On no other occasion, he contends, did the city raze a structure "while the work orders were being completed, no matter how long the repairs took."  But this claim looks a lot like a claim that he made—and we rejected—in *Lerch II*.  271 F. App'x at 530.  The district court also noticed that Lerch's claim in this case came "within a hair's breadth" of a claim raised in *Lerch II* but ultimately concluded that the two claims were slightly different.  In *Lerch II*, the district court reasoned, Lerch challenged only the city's decision to *issue* the raze-or-repair order; in this case, by contrast, Lerch was challenging how the city treated him *after* it issued the raze-or-repair order.

Neither party discusses that ruling on appeal, but we may raise the question of preclusion sua sponte.  *Arizona v. California*, 530 U.S. 392, 412 (2000); *B. Willis, C.P.A., Inc. v. BNSF Ry.*, 531 F.3d 1282, 1297-98 (10th Cir. 2008); *Hutcherson v. Lauderdale County*, 326 F.3d 747, 756-57 (6th Cir. 2003); *Jackson v. North Bank Towing Corp.*, 213 F.3d 885, 889-90 (5th Cir. 2000); *Bechtold v. City of Rosemount*, 104 F.3d 1062, 1068-69 (8th Cir. 1997); 18 CHARLES ALAN WRIGHT, ARTHUR R. MILLER, & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 4405 (2d ed. 2002) ("Preclusion even can be raised by an appellate court for the first time on appeal.").  We conclude that Lerch already had a full and fair opportunity to litigate his claim that the city ran afoul of the Constitution when it razed his building on Klaus Street. *See Taylor v. Sturgell*, 553 U.S. 880, 892-93 (2008) (setting out elements of preclusion); *United States ex rel. Lusby v. Rolls-Royce Corp.*, 570 F.3d 849, 851 (7th Cir. 2009) (same).  Although Lerch filed his complaint in *Lerch II* before the city razed his building, the structure had been torn down by the time the city filed its motion for summary judgment.  The record, therefore, contained evidence about the building's demolition.  And in the briefs he filed in *Lerch II*, Lerch pressed precisely the same argument that he presses in this case—namely that the city had never before torn down a building subject to a raze-or-repair order while repairs were underway.  We rejected that argument because none of the landlords to whom Lerch pointed was in fact similarly situated. *Lerch II*, 271 F. App'x at 530.  When a claim not raised in the complaint is briefed and decided without objection from the parties, we must treat that claim exactly as if it *had* been raised in the complaint.  FED. R. CIV. P. 15(b); *Torry v. Northrop Grumman Corp.*, 399 F.3d 876, 878 (7th Cir. 2005).  So the judgment in *Lerch II* bars Lerch from renewing his claim that the city treated more favorably other landlords whose

buildings were also scheduled for demolition.  Having already rejected the claim once before, we see no benefit to delving into the merits yet again.

AFFIRMED.