834 So.2d 445 (2002)
Roxanne WESTERMAN
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY.
No. 2001 CA 2159.
Court of Appeal of Louisiana, First Circuit.
September 27, 2002.
Steve Joffrion, Prairieville, for Plaintiff-Appellant Roxanne Westerman.
Matthew W. Pryor, Gonzales, for Defendant-Appellee State Farm Mutual Automobile Insurance Company.
Before: FITZSIMMONS, GUIDRY, and PETTIGREW, JJ.
PETTIGREW, J.
In this case, plaintiff appeals the trial court's judgment whereby the court granted defendant's exception raising the objection of preclusion by judgment and dismissed plaintiff's claim with prejudice. For the reasons that follow, we affirm.

FACTS AND PROCEDURAL HISTORY
On November 19, 1997, plaintiff, Roxanne Westerman, was operating her vehicle in a southerly direction on U.S. Highway 61 in Ascension Parish when she was rear-ended by a vehicle owned by Samuel Ridgeway and operated by defendant, Shelia McAllister. Ms. Westerman initially filed suit in Parish Court against Ms. McAllister and Mr. Ridgeway's insurer, American Deposit Insurance Company. The case proceeded to trial, at which time the court ruled in favor of Ms. Westerman and assessed damages at $20,000.00. Thereafter, the parties reached a compromise whereby American Deposit paid its policy limits, $10,000.00, to Ms. Westerman, *446 and Ms. Westerman dismissed her claim with prejudice.
Thereafter, on September 21, 1999, Ms. Westerman filed the instant suit in Parish Court against her UM insurer, State Farm Mutual Automobile Insurance Company, seeking damages, penalties, and attorney fees in connection with this incident. The suit was later transferred to the Twenty-Third Judicial District Court, where the court entertained several exceptions filed by State Farm. Following a hearing on State Farm's exceptions, the trial court granted the exception raising the objection of preclusion by judgment and dismissed Ms. Westerman's case with prejudice. The court pretermitted ruling on the remaining exceptions raising the objections of res judicata, estoppel, and failure to join an indispensable party. Judgment in accordance with the court's findings was rendered on January 26, 2001.
It is from this judgment that Ms. Westerman has appealed, presenting the following issue for our review:
Did the trial Judge commit manifest error in holding that a Judgment assessing damages in excess of the underlying liability coverage policy limit in a previous action, involving different litigants, different issues and different causes of action, founded on different theories of recovery precluded plaintiff/appellant from recovering from her U/M insurer in a subsequent action.

PRECLUSION BY JUDGMENT
Ms. Westerman argues in brief that her second suit against State Farm should not be barred on the basis of preclusion by judgment because the trial court determined that her damages exceeded the underlying amount of liability coverage afforded by the American Deposit policy. She asserts further that her suits are based on two causes of action that arise out of different transactions or occurrences. Ms. Westerman maintains that her first suit against Ms. McAllister and American Deposit arises out of an automobile accident, whereas her second suit against State Farm arises out of a contract of insurance that provides contractual uninsured motorist coverage to her when damages in excess of the underlying coverage are established. Noting that State Farm was not prejudiced in any way by the first litigation, Ms. Westerman contends that State Farm can, if it so chooses, contest the extent of her damages in the instant litigation.
State Farm argues in response that the transaction or occurrence giving rise to each cause of action is the automobile accident, and thus, Ms. Westerman's UM claim against State Farm is barred because it was not asserted in the original suit. State Farm further notes that the two cases relied on by Ms. Westerman do not represent an accurate statement of current Louisiana law. State Farm maintains that "[t]he interests of justice, the traditional notions of fair play, and judicial economy do not permit the same issues being re-litigated over and over so as to accommodate a plaintiff in multiple causes of action against different defendants."
With regard to preclusion by judgment, La.Code Civ. P. art. 425(A) provides as follows:
A party shall assert all causes of action arising out of the transaction or occurrence that is the subject matter of the litigation. [Emphasis added.]
Prior to its amendment by 1990 La. Acts, No. 521, § 2, Article 425 read:
An obligee cannot divide an obligation due him for the purpose of bringing separate actions on different portions thereof. If he brings an action to enforce only a portion of the obligation, *447 and does not amend his pleading to demand the enforcement of the full obligation, he shall lose his right to enforce the remaining portion. [Emphasis added.]
Initially, we note that Ms. Westerman's argument would prevail if we were to apply Article 425 as it existed prior to the 1990 amendment. While the cases cited by Ms. Westerman, i.e., Doyle v. State Farm (Mutual) Insurance Company, 414 So.2d 763 (La.1982) and Sutterfield v. Fireman's Fund American Insurance Company, 344 So.2d 1159 (La.App. 4 Cir. 1977), appear to provide support for Ms. Westerman's position that her second suit against State Farm is not precluded by the judgment in her first suit, State Farm correctly points out that both cases predate the 1990 amendment to Article 425 requiring all causes of action arising out of a transaction or occurrence to be brought in the same litigation.
In Doyle, the Louisiana Supreme Court held that the plaintiff was not precluded from re-litigating the extent of his damages in a state court action against State Farm Mutual Insurance Company, his uninsured motorist carrier, following a federal court suit by the plaintiff against the automobile manufacturer in which the defendant and State Farm, in its capacity as the defendant's liability insurer, were released by settlement. Reversing the lower court's judgment granting State Farm's motion for summary judgment in the state court action, the supreme court noted as follows:
In the instant case, we do not have a splitting of the cause of action. Plaintiff's action against [the defendant], State Farm, as her liability insurer, and [the automobile manufacturer] was based on breach of duties or obligations required of persons in their relationships with one another. La.Civ.Code art. 2315 et seq. Plaintiff's cause of action against State Farm, in its capacity as his uninsured motorist carrier, is based on an obligation created by a contract of insurance entered into between the parties.
Doyle, 414 So.2d at 765-766.
The Sutterfield case involved one suit for coverage under the property damage provisions of an insurance policy and a second suit filed one week later for coverage under the uninsured motorist obligation of the same policy. The fourth circuit court of appeal held that the insurer undertook several obligations by entering into the insurance contract. The court noted that the accident not only gave rise to a tort obligation due by the uninsured motorist tortfeasor to repair damages, but also gave rise to two contractual obligations due him by his own insurer. Sutterfield, 344 So.2d at 1162. The court concluded that an obligation is not "divided" within the meaning of Article 425 when separate suits are brought seeking property damages and damages for personal injuries arising out of the same incident. Id.
In another pre-amendment case, Cantrelle Fence and Supply Company, Inc. v. Allstate Insurance Company, 515 So.2d 1074 (La.1987), the court noted that an obligation arising out of La. R.S. 22:658, a penalty statute, was separate and distinct from the obligation arising out of the contractual relationship under an insurance policy. The court concluded that Article 425 was not applicable because the two suits brought by the plaintiff were based on separate obligations and did not involve a division of obligation. Cantrelle, 515 So.2d at 1079.
Based on a review of the jurisprudence interpreting Article 425 as it existed prior to the 1990 amendment, it is clear *448 that the focus was on preventing an insured from dividing an obligation due him for the purpose of bringing separate actions. However, as stated in the 1990 Comment to Article 425, the amendment of Article 425 by 1990 La. Acts, No. 521, § 2 "expands the scope of this Article to reflect the changes made in the defense of res judicata and puts the parties on notice that all causes of action arising out of the transaction or occurrence that is the subject matter of the litigation must be raised." Thus, under the current version of Article 425, although a plaintiff's claims may constitute separate causes of action, if they arise out of the same transaction or occurrence, they must be asserted in the same action.
Although there are very few cases that address the current version of Article 425, there are cases that refer to Article 425 in conjunction with a claim of res judicata under La. R.S. 13:4231. In Wood v. May, 95-0589 (La.App. 4 Cir. 6/7/95), 658 So.2d 8, rev'd on other grounds, 95-2224 (La.11/27/95), 663 So.2d 739, the fourth circuit recognized that prior to being amended by 1990 La. Acts, No. 521, Article 425 and La. R.S. 13:4231 allowed a plaintiff to file a second action for penalties and attorney fees after a judgment awarding damages. The court noted, however, that under the amended provisions of Article 425 and La. R.S. 13:4231, although the plaintiff's claims for penalties and attorney fees constitute separate causes of action, the plaintiff must assert all claims that arise out of the same transaction or occurrence in one action. Wood, 95-0589 at 2, 658 So.2d at 19. See also Millet v. Crump, 97-562 (La.App. 5 Cir. 11/25/97), 704 So.2d 305, writ denied, 97-3207 (La.2/20/98), 709 So.2d 782; Fine v. Regional Transit Authority, 95-2603 (La.App. 4 Cir. 6/26/96), 676 So.2d 1134. Moreover, the failure to raise a claim that arises from the transaction or occurrence that is the subject matter of the litigation amounts to a waiver of that claim. Medicus v. Scott, 32-326, p. 6 (La.App. 2 Cir. 9/22/99), 744 So.2d 192, 196.
In the instant case, Ms. Westerman's claim in tort against Ms. McAllister and American Deposit and her UM claim against State Farm clearly arose from the same occurrence, to wit, the automobile accident of November 19, 1997. See Chabaud v. Sylvester, 98-330, p. 8 (La.App. 5 Cir. 10/14/98), 722 So.2d 1014, 1019, rev'd on other grounds, 98-2852 (La.2/5/99), 728 So.2d 851. Thus, although the two may be separate causes of action, one based in tort and the other based in contract, Ms. Westerman was required to assert both claims in one action. Failure to do so on her part amounted to a waiver of her UM claim.

CONCLUSION
For the above and foregoing reasons, the judgment of the trial court granting State Farm's exception raising the objection of preclusion by judgment and dismissing Ms. Westerman's claim with prejudice is affirmed. All costs associated with this appeal are assessed against plaintiff-appellant, Roxanne Westerman.
AFFIRMED.