867 So.2d 901 (2004)
Richard Joseph BLANCHARD, Sr. and Patricia Stephens Blanchard, Plaintiffs-Appellants
v.
The ABC INSURANCE COMPANY, et al., Defendants-Appellees.
No. 38,005-CA.
Court of Appeal of Louisiana, Second Circuit.
March 3, 2004.
Rehearing Denied April 1, 2004.
*902 Donald L. Kneipp, Monroe, for Appellants, Richard J. Blanchard, Sr. and Patricia S. Blanchard.
Hayes, Harkey, Smith & Cascio, by Joseph D. Cascio, Jr., John C. Roa, Monroe, for Appellees, Clara M. Sartor, Coregis Ins. Co. and Snellings, Breard, Sartor, Inabnett & Trascher, L.L.P.
Before STEWART, PEATROSS and DREW, JJ.
STEWART, J.
The plaintiffs, Richard J. Blanchard, Sr., and Patricia Blanchard (the "Blanchards"), appeal a summary judgment dismissing their legal malpractice action against the defendants, Clara Moss Sartor, Coregis Insurance Company, and Snellings, Breard, Sartor, Inabnett & Trascher, L.L.P. The trial court found the underlying transaction or occurrence of this suit to be the same as that underlying a prior declaratory judgment action by the Blanchards. For the following reasons, we reverse the trial court's judgment and remand for further proceedings.

FACTS
The Blanchards filed the instant action on July 10, 1998. Their petition alleges that they met with Sartor on May 27, 1997, about their desire to transfer their residence in the River Oaks subdivision in Monroe, Louisiana, to their son in exchange for undeveloped property owned by him in the same subdivision. This exchange was contingent upon whether the undeveloped property could be resubdivided to allow the Blanchards to construct a residence on half of the property and sell the remaining half to a third party. Sartor handled the resubdivision of the property, and the plat of resubdivision was filed in the public records of Ouachita Parish on July 31, 1997. The resubdivision resulted in the configuration of the undeveloped property into Lots 16 and 17, Block C, Unit 11 of the River Oaks Subdivision.
The petition further alleges that in August 1997, the Blanchards began construction of their new home on Lot 17. The exchange of property with their son was done on December 15, 1997. Thereafter, the Blanchards found an interested purchaser *903 for Lot 16. This person was also interested in purchasing a portion of the property adjacent to Lot 16 and owned by the neighboring landowners, Charles Rand, Jr., and Jane Halan Rand (the "Rands"). On February 14, 1998, the Rands informed the Blanchards that a recorded deed from 1989 (the "1989 deed") between themselves and a predecessor-in-title to the Blanchards prohibited the use of resubdivided Lot 16 as a separate building site. The Rands contended that the 1989 deed created a non-apparent predial servitude which they intended to enforce. According to the Blanchards' petition, Sartor would not represent them in seeking to remove the cloud from their title unless they agreed to sign a waiver of their right to file a malpractice action. The Blanchards refused to sign a waiver. Instead, they filed a declaratory judgment action against the Rands on May 11, 1998, and then filed the instant malpractice action against Sartor, her law firm, and her insurer.[1]
In the declaratory judgment action against the Rands, the Blanchards sought to have the court declare that the language in the 1989 deed did not create a predial servitude. In the instant malpractice action, the Blanchards sought damages for the loss of the sale of resubdivided Lot 16 and loss to the value of their property due to Sartor's alleged failure to advise them of the non-apparent servitude. The defendants' response to the malpractice suit was to file a number of exceptions, including an exception of prematurity based on there being no judicial determination as to whether the Blanchards' title was in fact encumbered by a non-apparent predial servitude. The defendants also intervened in the declaratory action to argue that the language of the 1989 deed did not create a predial servitude.
Although the trial court ruled in favor of the Blanchards and intervenors in the declaratory judgment action, the judgment was reversed on appeal. In Blanchard v. Rand, 34,442 (La.App.2d Cir.3/2/01), 781 So.2d 881, writ denied, XXXX-XXXX, XXXX-XXXX (La.6/1/2001), 793 So.2d 193, 194, this court concluded that the 1989 deed created a predial servitude prohibiting the development of multiple residential building sites. Upon the finality of this judgment, the malpractice action resumed.
On November 13, 2002, the defendants filed a motion for summary judgment seeking dismissal of the malpractice action under La. C.C.P. art. 425, res judicata, and estoppel. The defendants asserted that the underlying transaction or occurrence was the same for the both the declaratory judgment action and the malpractice action, and that the Blanchards were required to assert both causes of action in one suit. By failing to do so, they waived their malpractice claims. The defendants also asserted that because the Blanchards changed their position regarding the servitude from one suit to the other, estoppel barred their malpractice suit.
The trial court granted the defendants' motion for summary judgment. The trial court found there were no genuine issues of material fact and determined that the defendants were "entitled to judgment as a matter of law in that the underlying transaction or occurrence is the same transaction or occurrence in the declaratory judgment action." This appeal by the Blanchards followed.

*904 DISCUSSION
Because this is an appeal from a summary judgment, we conduct a de novo review utilizing the same criteria that guide the trial court's consideration of whether summary judgment is appropriate. Guillory v. Interstate Gas Station, 94-1767 (La.3/30/95), 653 So.2d 1152; Medicus v. Scott, 32,326 (La.App.2d Cir.9/22/99), 744 So.2d 192. At issue is whether the instant lawsuit is barred because the Blanchards failed to assert all their causes of action in the prior declaratory judgment action.
La. C.C.P. art. 425 and Res Judicata
La. C.C.P. art. 425, the preclusion by judgment provision, provides that "a party shall assert all causes of action arising out of the transaction or occurrence that is the subject matter of the litigation." Jurisprudence interpreting article 425 cautions that the failure to assert a mandatory cause of action, i.e. one arising from the same transaction or occurrence that is the subject matter of the litigation, amounts to a waiver of that claim. Westerman v. State Farm, 2001-2159 (La.App. 1st Cir.9/27/02), 834 So.2d 445; Medicus v. Scott, supra; and Ensenat v. Edgecombe, 97-2239 (La.App. 4th Cir.3/11/98), 707 So.2d 1059, writ not considered, 98-1188 (La.6/19/98), 719 So.2d 473. However, this procedural rule is not mandatory; it will yield to the interests of justice. Craig v. Adams Interiors, Inc., 34,591 (La.App.2d Cir.4/6/01), 785 So.2d 997; Hudson v. City of Bossier, 33,620 (La.App.2d Cir.8/25/00), 766 So.2d 738, writ denied, 00-2687 (La.11/27/00), 775 So.2d 450.
The law of res judicata is set forth in La. R.S. 13:4231 as follows:
Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
(1) If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the final judgment.
(2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.
(3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.
The central inquiry in applying the doctrine of res judicata is whether the second action asserts a cause of action which arises out of the same transaction or occurrence that was the subject matter of the first action. Judicial economy and fairness are served by requiring the plaintiff to seek all relief and assert all rights arising out the same transaction or occurrence. La. R.S. 13:4231, Comments-1990; Hudson v. City of Bossier, supra.
This court has previously explained the scope of La. R.S. 13:4231 as follows:
La. R.S. 13:4231 embraces the broad usage of the phrase "res judicata" to include both claim preclusion (res judicata) and issue preclusion (collateral estoppel). Under claim preclusion, a final judgment on the merits precludes the parties from relitigating matters that were or could have been raised in that action. Under issue preclusion or collateral estoppel, however, once a court *905 decides an issue of fact or law necessary to its judgment, that decision precludes relitigation of the same issue in a different cause of action between the same parties. Thus, res judicata used in the broad sense, has two different aspects: 1) foreclosure of relitigating matters that have never been litigated but should have been advanced in the earlier suit; and 2) foreclosure of relitigating matters that have been previously litigated and decided.
Hudson v. City of Bossier, 766 So.2d at 743.
In Hy-Octane Investments, Ltd. v. G & B Oil Products, Inc., 97-28 (La.App. 3d Cir.10/29/97), 702 So.2d 1057, the third circuit examined the meaning of "transaction or occurrence" as used in seven articles of the Code of Civil Procedure and La. R.S. 13:4231.[2] Finding no specific definition for "transaction or occurrence" in the articles in which it is used, the court turned to other sources to define the phrase. The opinion states:
Some definitions are available, however. Black's Law Dictionary defines "transaction" as, inter alia, "a broader term than `contract,'" and "a group of facts so connected together as to be referred to by a single legal name; as a crime, a contract, a wrong." Among the definitions of "transaction or occurrence" found in 42 Words and Phrases, Supp. p. 201 (1997), is "whether pertinent facts of different claims are so logically related that issues of judicial economy and fairness mandate that all issues be tried in one suit." The federal courts have given the words "transaction or occurrence" a broad and liberal interpretation in order to avoid a multiplicity of suits. All logically related events entitling a person to institute legal action against another generally are regarded as comprising a "transaction or occurrence." (Citations omitted.)
Hy-Octane, 702 So.2d at 1060.
In moving for summary judgment, the defendants argued that both La. C.C.P. art. 425 and La. R.S. 13:4231 bar litigation of the Blanchards' claims in their malpractice suit because those claims arise out of the same transaction or occurrence as the prior declaratory judgment action. Defendants argued that both suits involve the same property and the same deed. As such, all claims should have been asserted in the declaratory judgment action. Defendants make the argument for claim preclusion. They also cite two cases, Medicus, supra, and Westerman, supra, in support of their position.
Medicus, supra, involved a possessory action by Medicus against a neighboring landowner, Nathanael. Both parties' titles derived from a common vendor. When Nathanael converted the matter to a petitory action, Medicus amended his petition to join the vendor as a defendant for purposes of having the boundary judicially fixed. This was met with an exception of res judicata by the vendor. Medicus had previously sued the vendor in quanti minoris alleging redhibitory defects, had settled that suit, and had signed a receipt and release discharging the vendor "from any and all actions, causes of action, claims,... arising out of the sale." The exception of res judicata was granted and affirmed *906 on appeal. The basis for the ruling was both the existence of the signed release and the fact that both the prior claim by Medicus against his vendor and the subsequent boundary claim arose from the vendor's sale of the property to Medicus. For purposes of the exception of res judicata, the transaction underlying the subject matter of the litigation between Medicus and his vendor was the sale of the property.
The claims in Westerman, supra, arose from an automobile accident. Westerman sued the parties at fault in the accident and their insurer. The trial court assessed damages at $20,000, and the parties reached a compromise for payment of the $10,000 policy limits. Thereafter, Westerman sued her own UM insurer, but the trial court dismissed the case based on preclusion by judgment under La. C.C.P. art. 425. The dismissal was affirmed on appeal. The appellate court determined that the suit against the UM insurer and the prior tort suit arose from the same occurrence, namely, the automobile accident. By failing to assert the claim against her UM insurer in the first suit, Westerman waived that claim.
In opposing the defendants' motion for summary judgment, the Blanchards argued that, while there is some factual overlap, the two actions are not based on the same transaction or occurrence. The Blanchards asserted that the transaction or occurrence underlying the declaratory judgment action is the legal effect of 1989 exchange deed, whereas the instant action involves the propriety of the legal advice given by Sartor.
Unlike the situations in Medicus, supra, and Westerman, supra, the case sub judice and the prior declaratory judgment have no common transaction or occurrence underlying both suits. The causes of action asserted in Medicus and Westerman arose directly from the occurrences, the sale of the property and the automobile accident respectively, which formed the basis of the subject matter of the litigation. The accident entitled Westerman to sue both the parties at fault and her UM insurer for damages, and the sale of the property entitled Medicus to sue his vendor for claims arising from the sale.
Here, the causes of action asserted by the Blanchards in their two suits do not arise from the same transaction or occurrence. The 1989 deed executed between the Rands and the Blanchards' predecessors-in-title is what entitled the Blanchards to file the declaratory action to determine whether that deed established a predial servitude. The transaction or occurrence that was the subject matter of the litigation in the declaratory action was the 1989 exchange deed and the dispute between the Rands and the Blanchards, neighboring landowners, regarding the meaning of that deed.
The instant malpractice suit arose from the lawyer-client relationship between Sartor and the Blanchards. The lawyer-client relationship entitled the Blanchards to assert the claims at issue in this litigation. The transaction or occurrence underlying the subject matter of this suit is the legal services performed by Sartor.
These two suits involve different issues of fact and law. The declaratory action was limited to judicial interpretation of certain language in a deed, whereas this matter involves a determination of whether Sartor met the standard of care in rendering legal services and advice on behalf of the Blanchards. Even though Sartor's legal services dealt with the same property that was the subject of the declaratory judgment action, this factual link is not what gave rise to either cause of action and does not require the assertion of both claims in one suit under La. C.C.P. art. 425. Because we find that this suit does not arise from the same transaction *907 or occurrence as the prior declaratory judgment action, we conclude that neither La. C.C.P. art. 425 nor La. R.S. 13:4231 requires dismissal of the instant litigation. Accordingly, summary judgment should have been denied.
Finally, we find no waiver of the malpractice claims by the Blanchards. Based on our holding that the two actions did not arise from a common transaction or occurrence which would have required the Blanchards to assert all claims in one action, the Blanchards did not waive their malpractice claims by failing to assert them in the declaratory action or by otherwise failing to reserve their rights.
Estoppel
In their motion for summary judgment, the defendants also asserted that the Blanchards should be estopped from litigating this suit because they are taking the opposite position to that taken by them in the declaratory judgment action. We find no merit in this contention.
Equitable estoppel is "the effect of the voluntary conduct of a party whereby he is precluded from asserting rights against another who has justifiably relied upon such conduct and changed his position so that he will suffer injury if the former is allowed to repudiate the conduct." Morris v. Friedman, 94-2808 (La.11/27/95), 663 So.2d 19; John Bailey Contractor v. State, Dept. of Transp. & Dev., 439 So.2d 1055 (La.1983). For estoppel to apply, there must be: (1) a representation by work or conduct; (2) justifiable reliance thereon; and (3) a change of position to one's detriment because of the reliance. John Bailey Contractor, supra. Estoppel is not favored in our law. Id. Estoppel is generally a doctrine of last resort. Howard Trucking Co., Inc. v. Stassi, 485 So.2d 915 (La.1986), cert. denied, 479 U.S. 948, 107 S.Ct. 432, 93 L.Ed.2d 382 (1986).
The defendants claim that they intervened in the declaratory judgment action based on the Blanchards' assertion that there was no predial servitude. However, the intervention was filed after the Blanchards filed the malpractice suit. Defendants were aware of the pending malpractice suit and cannot claim that they relied on the Blanchards' contentions that the 1989 deed did not create a servitude as an indication that they would not pursue the claims of malpractice. The defendants were clearly on notice that the Blanchards held them responsible for the losses they allegedly suffered as a result of the alleged failure of Sartor to advise them of the possibility of a servitude affecting their plans for the property. By intervening in the declaratory action, the defendants sought to protect their own interests by arguing the position that would most benefit them in defending against the claims of malpractice. Accordingly, we find no basis for the defendants to have justifiably relied on the Blanchards' representations in the declaratory judgment action, nor do we find that these defendants changed positions to their detriment based on any such reliance. The elements of estoppel are not met.

CONCLUSION
For the reasons set forth in this opinion, we reverse the judgment of the trial court which granted summary judgment in favor of the defendants, and we remand this matter for further proceedings.
REVERSED AND REMANDED.

APPLICATION FOR REHEARING
Before WILLIAMS, STEWART, GASKINS, PEATROSS and DREW, JJ.
Rehearing denied.
NOTES
[1] The Blanchards initially referred to Sartor's insurer as "ABC Insurance Company" in their petition. They later amended the petition to name the correct insurer, Coregis Insurance Company.
[2] The articles cited included La. C.C.P. arts. 425 (preclusion by judgment), 531 and 532 (lis pendens), 891 (petition formalities), 1061 (compulsory reconventional demand), 1071 (cross-claims), and 4845(jurisdictional limits of city and parish courts). The court also referenced the use of the phrase "conduct, transaction, or occurrence" in La. C.C.P. art. 1153 dealing with when an amendment of a pleading relates back for prescription purposes.