United States Court of Appeals

Fifth Circuit

**F I L E D**

**June 29, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-30051
Summary Calendar

MICHAEL D. DAVIS, individually and on behalf of his minor son,
JACOB DAVIS

Plaintiff-Appellant,

versus

TELEFLEX INC.,

Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
CA No.1:03CV1919
--------------------

Before DAVIS, SMITH and DENNIS, Circuit Judges

PER CURIAM:[*]

Plaintiff Michael D. Davis, individually and on behalf of his minor son, Jacob Davis ("Davis"), appeal the grant of summary judgment in favor of defendant Teleflex.  Because the district court properly granted summary judgment for Teleflex, we affirm the district court's ruling.

I. Background

On October 28, 2000, Davis and his son Jacob were passengers on a boat manufactured by Skeeter Products, Inc. and operated by

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Jerome Self on the Red River in Rapides Parish, Louisiana. As Self began a right turn at about 50 m.p.h, he lost control of the boat. The boat made a sudden hard right turn and ejected Davis and another passenger from the boat's port side. Davis grabbed the boat's handrail as he left the boat, causing his head to strike the side and resulting in a spinal cord injury with permanent paralysis at the C6-7 level. Davis also sustained serious injury to his left arm.

In March of 2001 Davis originally filed suit against the following defendants: (1) Yamaha Motor Corporation, U.S.A, as a manufacturer of the outboard motor; (2) Skeeter Products, Inc., the manufacturer of the boat; (3) William Jerome and Diane Self; (4) Progressive Security Insurance Company, the Selfs' insurer; and (5) Dawson Marine, the retailer of the boat and motor. Davis alleged negligence and strict products liability claims under admiralty and general maritime law as well as under the Louisiana Products Liability Act, LSA-R.S. 9:2800.51, et seq. About five weeks into the second trial (the first trial ended in a mistrial) Davis and the defendants settled. Davis's negligence and strict products liability claims were thereafter dismissed with prejudice on October 6 and 22, 2003.

On September 23, 2003, Davis filed this suit against the defendants here, Teleflex and Teleflex Canada. On October 28, 2003, Davis filed an almost identical suit, also against Telefex, in a different judicial district and the suits were consolidated.

Teleflex removed this case to the United States District Court for the Western District of Louisiana on the basis of diversity jurisdiction under 28 U.S.C. § 1332(a)(3). Thereafter, Teleflex filed a motion for summary judgment on the grounds that Davis is precluded from bringing this suit because he should have sued Teleflex in his first lawsuit that settled and was dismissed with prejudice. Teleflex argues, and the district court held, that under Article 425 of the Louisiana Code of Civil Procedure all of plaintiffs' claims arising out of the same factual transaction or occurrence must be asserted in the same suit. See Westerman v. State Farm Mut. Auto. Ins. Co., 834 So.2d 445, 448 (La. App. 1 Cir. 9/27/02). Because Davis had already sued a number of other parties for his injuries arising out of the same boating accident, the district court granted summary judgment for Teleflex. We AFFIRM.

## II. Analysis

We review a district court's grant of summary judgment de novo, and employ the same standards employed by the district court. Abarca v. Metropolitan Transit Authority, 404 F.3d 98, 940 (5th Cir. 2005). Summary judgment is proper if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c).

Davis first argues that the district court erred when it failed to apply the general maritime law in this case and favored Article 425 over the general maritime law because Article 425 is

"inferior and subordinates to general maritime substantive law."
Davis's argument, however, overlooks the fact that the strict
liability principles of the general maritime law and Davis's
right to bring this additional lawsuit are completely separate
and unrelated issues. Article 425's preliminary requirement that
a litigant bring all of his causes of action arising out of the
same transaction or occurrence in one lawsuit is unrelated to
Davis's contention that maritime products liability law adopts
the strict liability standard as set forth in the Restatement of
Torts.

Second, Davis argues that Article 425 does not apply because
in the order settling his prior claim with the defendants named
in the first suit, Davis reserved his right to proceed against
"any and all other parties named or unnamed in this matter." He
relies on Louisiana Revised Statute 13:4232, which states that
there are exceptions to the general rule of res judicata such as
"when the judgement reserved the right of the plaintiff to bring
another action...." As the comments to LSA-R.S. 13:4232 explain,
however, the exception is "not intended to apply in the case
where the plaintiff has simply failed to assert a right or claim
for damages through oversight or lack of preparation." Davis
gives no explanation for his delay in bringing suit against
Teleflex other than his lack of preparation in the first suit.

Moreover, as the district court explained, the language
contained in the three separate orders of dismissal in the first

suit referred only to Davis's rights as to the other parties in that particular suit.[1]  As the district court explained:

> Rather than reserve the right to sue a third party that somehow was related to this case but was never made a party to the settlement agreement or the suit, Davis was merely attempting to protect his rights to sue the prior defendants, Yamaha, Skeeter, Dawson, and Progressive, by being able to invoke La. R.S. 13:4232A(3) at a later date.

Finally, Davis argues that the present action does not fall under Article 425 because ti did not arise out of the same transaction or occurrence as Davis's previous suit.  Because both causes of action arose out of the same boat accident, and is therefore based on the same "nucleus of operative facts," Davis's final argument also fails.  See Matter of Howe, 913 F.2d 1138 (5th Cir. 1990).

## CONCLUSION

The district court's judgment granting summary judgment for Teleflex is AFFIRMED.

---

[1] Davis points to the language in the second order, dated October 22, 2003, which dismissed his claims against Dawson, and states that Davis reserves "his right to proceed against any and all parties in this matter, named and unnamed."  As the district court explained, this language meant that Davis reserved his right to sue Dawson, as a named party, as well as the Selfs and Progressive, as unnamed parties "in this matter," not any unidentified third parties who were not involved in that litigation.