928 So.2d 53 (2005)
Tilelia BUTLER
v.
UNITED STATES AUTOMOBILE ASSOCIATION INSURANCE COMPANY.
No. 2004 CA 2562.
Court of Appeal of Louisiana, First Circuit.
December 22, 2005.
Writ Denied April 24, 2006.
Raymond L. Simmons, Baton Rouge, Counsel for Plaintiff/Appellant Tilelia Butler.
Brent E. Kinchen, Kevin O. Ainsworth, Baton Rouge, Counsel for Defendant/Appellee United Services Automobile Association.
Before: CARTER, C.J., DOWNING and GAIDRY, JJ.
DOWNING, J.
The plaintiff, Tilelia Butler, appeals a judgment sustaining the exception of preclusion by judgment filed by her uninsured/underinsured (UM) motorist carrier, United Services Automobile Association (USAA),[1] and dismissing her claim against it. Ms. Butler effected service and citation *54 on USAA only after she settled her claims against the tortfeasor and his liability insurer in a separate suit. Finding error in the judgment rendered by the trial court, we reverse and remand.

FACTS AND PROCEDURAL HISTORY
This action arises from an accident in Baton Rouge on December 2, 2001, when Ms. Butler was injured while attempting to walk across Florida Boulevard. Ms. Butler filed suit (Docket No. 501,979) on December 5, 2002 against the tortfeasor, Jeremy Lee Harrison, his insurer, Southern United Insurance Company, and also against her UM carrier, USAA. USAA, however, was not served and cited with the petition. On September 12, 2003 Ms. Butler settled with Harrison and his insurer. The judgment of dismissal against these parties signed on September 22, 2003, specifically reserved her right to proceed against her underinsured motorist carrier, USAA.
On November 12, 2003, Ms. Butler filed an amending petition in a separate suit (Docket No. 502,132) identical to the original petition, but this time USAA was served and cited. USAA filed an exception of preclusion by judgment, alleging that the plaintiff's suit was barred pursuant to La. C.C.P. art. 425. USAA alleged that article 425 mandates a party to assert all of the causes of action arising out of the transaction or occurrence that is the subject matter of the litigation at one time. USAA maintained that since Ms. Butler's claim in tort against Harrison and his insurer settled before she filed suit against USAA, her claim against USAA is deemed waived pursuant to La. C.C.P. art. 425. After a hearing, the trial court granted the exception and dismissed Ms. Butler's suit.
Mrs. Butler appeals, asserting that the trial court erred in granting the exception of preclusion by judgment.

DISCUSSION
Louisiana Code of Civil Procedure art. 425, entitled "Preclusion by judgment," states in pertinent part:
A. A party shall assert all causes of action arising out of the transaction or occurrence that is the subject matter of the litigation.
This court considered this provision in Westerman v. State Farm Mutual Automobile Insurance Company, 01-2159 (La.App. 1 Cir. 9/27/02), 834 So.2d 445. In construing La. C.C.P. art. 425, this court observed that the jurisprudence did not consider the article in isolation. Rather, article 425 should be interpreted "in conjunction with [claims of] res judicata under La. R.S. 13:4231."[2]Id., 01-2159 at p. 5, 834 So.2d at 448. Following the cited jurisprudence and based on the facts before it, (including no evidence of a reservation *55 of right to bring another action,) this court concluded that the plaintiff had waived her UM claim that "clearly arose from the same occurrence, to wit, the [pertinent] automobile accident ...." Id., 01-2159 at p. 6, 834 So.2d at 448.
Louisiana Code of Civil Procedure art. 425 operates in tandem with the res judicata rules. Walker v. Howell, 04-246, p. 3 (La.App. 3 Cir. 12/15/04), 896 So.2d 110, 112. Article 425 was amended to its current form in 1990 to reflect simultaneous changes made in the res judicata rules. Id.; see also Comments to La. C.C.P. art. 425 (1990). Therefore, these articles must be read in para materia. Walker, 04-246 at p. 3, 896 So.2d at 112. Further, article 425 "contains no penalty provision; rather, it is merely a reference to the principles of res judicata." Gaspard v. Allstate Insurance Company, 04-1502, p. 3 (La.App. 3 Cir. 5/4/05), 903 So.2d 518, 520. "Accordingly, an exception of res judicata is the proper procedural vehicle to enforce [article 425's mandate] by barring claims that were or could have been litigated in a previous lawsuit." Walker, 04-246 at p. 3, 896 So.2d at 112.
Reviewing the res judicata rules, we observe that La. R.S. 13:4232, entitled "Exceptions to the general rule of res judicata," provides a clear, pertinent exception to the general rules of res judicata. La. R.S. 13:4232 A (3) plainly states that "[a] judgment does not bar another action by the plaintiff ... [w]hen the judgment reserved the right of the plaintiff to bring another action." (Emphasis added.) Here, unlike in Westerman, the judgment dismissing the tortfeasor specifically reserved Ms. Butler's "right against her Underinsured Motorist carrier." Accordingly, Ms. Butler's action against USAA is not barred by principles of res judicata under La. R.S. 13:4232 nor by preclusion under La. C.C.P. art. 425.

DECREE
Finding merit in Ms. Butler's assignment of error, we overrule USAA's exception and reverse the judgment of the trial court. We remand the matter for further proceedings. Costs are assessed to United Services Automobile Association.
REVERSED AND REMANDED.
NOTES
[1] Although the plaintiff in this matter is captioned, "United States Automobile Association Insurance Company," the record reflects that this party's true name is "United Services Automobile Association."
[2] Louisiana Revised Statutes 13:4231, entitled "Res judicata," provides as follows:

Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
(1) If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment.
(2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.
(3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.