DO NOT PUBLISH

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

06-929

CULLEN C. WASHINGTON

VERSUS

PROGRESSIVE INSURANCE CO., INC.

**********

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2005-3674
HONORABLE DAVID A. RITCHIE, DISTRICT JUDGE

**********

J. DAVID PAINTER
JUDGE

**********

Court composed of Glenn B. Gremillion, Elizabeth A. Pickett, and J. David Painter, Judges.

**AFFIRMED.**

Cullen C. Washington
2127 Vito Street
Lake Charles, LA 70601
    Plaintiff-Appellant In Proper Person

V. Ed McGuire, III
P.O. Drawer 1705
Lake Charles, LA 70601
Counsel for Defendant-Appellee:
    Progressive Security Insurance Co.

PAINTER, Judge.

Plaintiff, Cullen Washington (Washington), obtained a default judgment against Progressive Insurance Company[1] in his suit for breach of contract. Progressive Security Insurance Company (Progressive Security) moved for, and was granted, a new trial. Washington appeals that ruling as well as the trial court's judgment granting Progressive Security's exception of *res judicata*. For the following reasons, we affirm the judgment of the trial court.

FACTS AND PROCEDURAL HISTORY

On May 15, 2002, Washington was involved in a vehicular collision with Willie Charles (Charles). Washington had in effect a policy of uninsured/underinsured motorist insurance issued by Progressive Security. He brought suit against Charles and Progressive Security in the Fourteenth Judicial District under docket number 2003-2442. With regard to the UM coverage, the petition alleged that Charles was uninsured and that the Progressive Security policy issued to Washington afforded coverage for the damages he incurred.

Even though Washington initially obtained a default judgment against Charles, the matter was ultimately tried to a jury. On May 5, 2005, the jury rendered a verdict relieving Charles of fault for the accident, and on July 15, 2005, judgment was rendered dismissing Washington's suit. That judgment was affirmed by this court in a non-published opinion, *Washington v. Charles*, 05-01426 (La.App. 3 Cir. 5/3/06), 927 So.2d 707.

---

[1] Washington named Progressive Insurance Company as Defendant in his suit for breach of contract. His policy of insurance was actually issued by Progressive Security Insurance Company. It is not clear whether any entity named Progressive Insurance Company exists.

On July 20, 2005, Washington, acting *pro se*, filed this suit for breach of contract naming Progressive Insurance Company as a Defendant. In it he alleges that Progressive had a duty to defend Charles and to pay for damages caused by him and that it breached its contract with Washington by failing to do so. He further asserts that it breached its contract by failing to pay the default judgment he obtained against Charles when he presented to them. He asserted that Progressive Insurance Company should be ordered to pay treble damages as a result of its failure to pay him and to defend Charles. On September 21, 2005, Washington obtained a default judgment against Progressive Insurance Company. On November 2, 2005, Progressive Security filed a motion for new trial alleging that it had not been served with the petition,[2] that the evidence submitted at the hearing on the confirmation of default was insufficient to obtain a judgment, and that at the time the default judgment was rendered, the State of Louisiana was under a gubernatorial proclamation suspending all deadlines and legal proceedings in all courts unless the parties to the matter consented to proceed. The motion was granted. In March 2006, both Progressive Security and Washington filed exceptions of res judicata. After a hearing on April 13, 2006, Progressive Security's exception of res judicata was granted and that filed by Washington was denied. Judgment was rendered dismissing Washington's case with prejudice. Washington appeals.

---

[2]Washington requested service on Progressive Insurance Company, Inc. through the Secretary of State. The Secretary of State's office sent Washington a letter telling him that Progressive was not an entity registered with them and stating that it could not serve the petition until it was provided with additional information. The record contains an affidavit from the Secretary of State's Office stating that no information was ever provided.

DISCUSSION

*New Trial*

Although Plaintiff has assigned as error the trial court's grant of Progressive Security's motion for new trial, he has made no argument in connection with that assignment of error. Accordingly, that assignment of error is considered abandoned. Uniform Rules–Courts of Appeal, 2–12.4.

*Res Judicata*

On appeal, Plaintiff asserts that the trial court erred in granting Progressive Security's exception of res judicata.

In order to successfully claim payment under a policy of uninsured motorist coverage, the insured must show that the tortfeasor's liability for damages is greater than the limits of his or her policy of insurance, if any. *See Guidry v. Millers Cas. Ins. Co.*, 01-0001(La.App. 1 Cir. 6/21/02), 822 So.2d 675. Charles was found not to be liable for any damages incurred by Washington. Therefore, the previous litigation, having disposed of the issue of Charles' liability, also disposed of Washington's ability to claim uninsured motorist coverage.

Louisiana law applicable to res judicata is found in La.R.S. 13:4231, which states that:

> Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
>
> (1) If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment.

3

(2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.

(3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.

Washington argues that, because this suit is for breach of contract, the judgment in the tort suit does not have the effect of barring this action. However, the performance claimed in this action is largely that already claimed and disposed of in the previous suit, with the addition of claims for treble damages for failure to pay that claim timely, which arises out of and depends on successful prosecution of the previous suit.

> In *Hudson v. City of Bossier*, 33,620 (La.App.2d Cir.8/25/00), 766 So.2d 738, 743, *writ denied*, 2000-2687 (La.11/27/00), 775 So.2d 450, this court explained:
>
>> La. R.S. 13:4231 embraces the broad usage of the phrase "res judicata" to include both claim preclusion (res judicata) and issue preclusion (collateral estoppel). Under claim preclusion, a final judgment on the merits precludes the parties from relitigating matters that were or could have been raised in that action. Under issue preclusion or collateral estoppel, however, once a court decides an issue of fact or law necessary to its judgment, that decision precludes relitigation of the same issue in a different cause of action between the same parties. Thus, res judicata used in the broad sense has two different aspects: 1) foreclosure of relitigating matters that have never been litigated but should have been advanced in the earlier suit; and 2) foreclosure of relitigating matters that have been previously litigated and decided.

*In re Interdiction of Stephens*, 40,965, p. 8 (La.App. 2 Cir. 6/2/06), 930 So.2d 1222, 1226, *writ denied*, 06-1686 (La. 7/12/06), 933 So.2d 796.

There is no claim asserted in this action which was not or could not have been raised in the previous litigation. *See Westerman v. State Farm Mut. Auto. Ins. Co.*, 01-2159 (La.App. 1 Cir. 9/27/02), 834 So.2d 445.

Therefore, we find no error in the trial court's decision to grant the Defendant's exception of res judicata.

## CONCLUSION

Finding no error in the judgment of the trial court, we affirm. Costs of this appeal are to be paid by Plaintiff-Appellant, Cullen Washington.

AFFIRMED.