# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 08-573


**DALE L. AND MAURINE ANN SPIRES**

**VERSUS**

**STATE FARM MUTUAL AUTOMOBILE INS.CO.**


**\*\*\*\*\*\*\*\*\*\***


APPEAL FROM THE
THIRTY-SIXTH JUDICIAL DISTRICT COURT
PARISH OF BEAUREGARD, NO. C20070286
HONORABLE STUART S. KAY  JR., DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***


**ELIZABETH A. PICKETT**
**JUDGE**

**\*\*\*\*\*\*\*\*\*\***

Court composed of Jimmie C. Peters, Elizabeth A. Pickett, and J. David Painter, Judges.

**REVERSED AND REMANDED.**


**Mitchel Mark Evans  II**
**Attorney at Law**
**P. O. Box 28**
**DeRidder, LA 70634**
**(337) 462-5225**
**Counsel for Plaintiff-Appellant:**
**Dale L. Spires**
**Maurine Ann Spires**

**Bonita K. Preuett-Armour**
**Armour Law Firm**
**P. O. Box 710**
**Alexandria, LA 71309**
**(318) 442-6611**
**Counsel for Defendant-Appellee:**
**State Farm Mutual Automobile Ins.Co.**

**PICKETT, Judge.**

The plaintiffs-appellants, Dale Spires and his wife, Maurine Spires, appeal a judgment of the trial court granting and Exception of Preclusion by Judgment filed by State Farm Mutual Automobile Insurance Co. (State Farm) and dismissing their suit with prejudice.

## STATEMENT OF THE CASE

Dale Spires was in a car wreck caused by April Roberts on April 6, 2005. Mr. and Mrs. Spires sued Ms. Roberts. After Ms. Roberts' insurer tendered $10,000.00, the limits of its policy, to Mr. Spires, the suit against Ms. Roberts was dismissed with prejudice on November 27, 2006.

On April 5, 2007, Mr. and Mrs. Spires filed suit against their underinsured motorist carrier, State Farm. In their petition, they allege that Ms. Roberts was underinsured and Mr. Spires is entitled to recover for the damages over $10,000.00 he sustained in the accident. The petition also alleges that Mrs. Spires is entitled to recover damages for emotional distress pursuant to *Lejeune v. Rayne Branch Hospital*, 556 So.2d 559 (La. 1990), also known as bystander damages.

On July 9, 2007, State Farm filed an Exception of Preclusion by Judgment. State Farm argued that pursuant to La.Code Civ.P. art. 425, the Spires had to assert any causes of action arising from the car wreck in the first suit against Ms. Roberts. Since the action against State Farm arises from the "same accident or occurrence," State Farm argued the suit is precluded by the judgment dismissing the original suit. The trial court held a hearing on the exception on December 10, 2007. At the conclusion of the hearing, the trial court granted the exception and dismissed the

1

claims against State Farm. A judgment in conformity with the oral ruling was signed on December 18, 2007.

Mr. and Mrs. Spires have appealed the judgment of the trial court.

## ASSIGNMENT OF ERROR

The plaintiffs-appellants, Mr. and Mrs. Spires, assert one assignment of eror:

> The trial court committed an abuse of discretion in failing to deny defendant's exception of Preclusion by Judgment, in light of clear case law and legislative enactments which support the contention that a compromise settlement of a tort claim for damages without a concomitant reservation of rights against other parties cannot be denied based on a theory of Preclusion by Judgment.

## DISCUSSION

The facts in this case are not in dispute. The only issue before this court is the application of La.Code Civ.P. art. 425, which states in pertinent part:

> A party shall assert all causes of action arising out of the transaction or occurrence that is the subject matter of the litigation.

State Farm argues that when the Spires' first suit against Ms. Roberts was dismissed, they were barred from filing another suit against State Farm "arising out of the same transaction or occurrence." State Farm relies a case from the first circuit, *Westerman v. State Farm Mutual Automobile Insurance Co.*, 01-2159 (La.App. 1 Cir. 9/27/02), 834 So.2d 445, which held that such a suit is barred.

In *Westerman*, Ms. Westerman was in an automobile accident. She filed suit against the driver of the other vehicle, the owner of the other vehicle, and their insurer. After a trial, the trial court awarded Ms. Westerman $20,000.00 in damages. The insurer then reached a settlement with Ms. Westerman for the policy limits of $10,000.00, and Ms. Westerman dismissed her suit with prejudice. Ms. Westerman then filed a suit against her underinsured motorist carrier, State Farm. State Farm

2

filed an exception of preclusion by judgment, which the trial court granted. On appeal, the first circuit held that La.Code Civ.P. art. 425 required Ms. Westerman to bring all causes of action arising from the car accident in the first suit. The failure to file a claim against State Farm in the first suit amounted to a waiver of that claim.

The trial court in the instant case relied on *Westerman* in reaching the same conclusion. We disagree with the first circuit's holding in *Westerman*, and for the following reasons reverse the judgment of the trial court dismissing the Spires' suit.

Article 425 was amended in 1990 at the same time changes were made in the *res judicata* statutes. *Walker v. Howell*, 04-246 (La.App. 3 Cir. 12/15/04), 896 So.2d 110. These statutes must be read *in pari materia*. *Id.* The primary expression of the legislature's intent regarding *res judicata* is La.R.S. 13:4231, which states:

> Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
>
> (1) If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment.
>
> (2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.
>
> (3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.

This court has held that Article 425 "contains no penalty provision; rather it is merely a reference to the principles of *res judicata.*" *Gaspard v. Allstate Ins. Co.*, 04-1502, p. 3 (La.App. 3 Cir. 5/4/05), 903 So.2d 518, 520.

3

Applying these precepts to the instant case, we find that State Farm's exception must be overruled. The doctrine of *res judicata*, as outlined in La.R.S. 13:4231, only applies to actions between the same parties. Here, there is no argument that State Farm and Ms. Roberts or her insurer are the same party or that there is any privity between them. We decline to adopt the rationale of the unpublished federal cases the appellee has cited in its brief, which do not require any privity of parties for Article 425 to apply to bar a later suit arising out of the same transaction or occurrence.

Furthermore, as a practical matter, a plaintiff who files a suit against a tortfeasor and his insurer in an automobile accident case may not know if his UM carrier will be implicated in the case. At the time suit is filed, the extent of damages, the policy limits of the tortfeasor's insurance, and the apportionment of fault are but some of the unknowns. When the tortfeasor's insurer agrees to settle the case for its policy limits in exchange for dismissal of the suit, it is not necessary for the plaintiff to explicitly reserve his rights against other parties not involved in the action in order to recover under his UM insurer.

## CONCLUSION

The judgment of the trial court dismissing Mr. and Mrs. Spires' suit against State Farm is reversed. The case is remanded for further action. Costs of this appeal are assessed to State Farm.

**REVERSED AND REMANDED.**

4